SUPREME COURT.

HENRY R. HOSFORD agt. BENJAMIN BALLARD.

Where the lease between the landlord and tenant provides that " if the yearly rent
is not paid at the time appointed, it shall be lawful for the grantor, his heirs and
assigns, to re-enter upon the premises, and the same to have again, retain, repossess
and enjoy," the plaintiff can sustain his action of *ejectment* (in default of payment
of rent) under the statute (2 *R. S.*, 505, § 30,) without a demand, and without a
want of sufficient distress on the premises, or a notice of fifteen days in lieu
thereof, under the third section of chapter, 274 of the laws of 1846. (*Following
the decision in the case of Van Rensselaer* agt. *Snyder*, 3 *Kern.*, 299).
*It seems*, that were it an original question, it would be somewhat doubtful whether
the abolition of distress for rent, (*act* 1846,) of itself, establishes that no sufficient
distress can be found upon the premises to satisfy the rent due, or that the
legislature intended to give a remedy by ejectment under the Revised Statutes,
without a demand, when there was property on the premises out of which the
rent could have been realized.

*Albany General Term, May,* 1862.

HOGEBOOM, PECKHAM & MILLER, *Justices.*

THIS was an action of ejectment brought to recover one
hundred and eight acres of land, situate in the Hardenburgh
Patent, in Halcott, Greene county.

It was proved on the trial, that Jane Stephenson, wife of
George Stephenson, (formerly Jane Sterling,) on the 10th
day of July, 1822, being the owner of the premises in
question, executed and delivered a conveyance to tenant
Peck, by which the said Stephenson and wife bargained,
demised, and to farm let to the said Peck; and his heirs and
assigns, the premises aforesaid, to have and to hold the same
with the appurtenances to the party of the second part, his
heirs and assigns forever.

Peck as party of the second part, was to pay yearly, and
every year forever, on the first day of May, annually there-
after, the sum or yearly rent of thirteen dollars and fifty

cents, unto the said parties of the first part, and their heirs and assigns during their joint lives, then to the said Jane, her heirs and assigns.

It was also provided and made one of the conditions of the lease, that if the said yearly rent, or any part of it shall be unpaid at the time appointed for the payment thereof, or if certain covenants were broken, that it should be lawful for the parties of the first part, their heirs and assigns into and upon the said demised premises to re-enter and the same to have again, retain, re-possess and enjoy as in their first and former estate.

George Stephenson died in 1835. Jane Stephenson died in March, 1829, leaving her surviving, Elizabeth Sterling, wife of Erasmus D. Foote, her only child and heir-at-law. On the 27th day of September, 1847, Mrs. Foote and her husband conveyed the premises to Henry Hosford, the father of the plaintiff.

On the 11th day of February 1859, the said Henry Hosford conveyed to his daughter, Jane Peck, who, on the first day of December, 1859, conveyed the same to the plaintiff.

Upon the decease of her mother, Elizabeth Foote received the rent reserved yearly, up to the time she executed the conveyance to Henry Hosford, in 1847.

The defendant Ballard, went into the possession of the premises under tenant Peck, and paid rent for upwards of twenty-five years, and to Mrs. Foote and Henry Hosford while owners; and the rent which fell due May 1, 1859, to the plaintiff.

Objections were made to the introduction of the deeds in evidence, upon the ground that there was no allegation in the complaint allowing such evidence, and that under the pleadings it was not admissible. Those objections were overruled and the defendant excepted. Other objections were made to the evidence not material to be stated.

The rent due on the 1st of May, 1860, was not paid and this action was brough in August, afterwards.

No demand was made for the payment of the rent before suit was brought.

The counsel for the defendant moved for a judgment of non-suit upon the following grounds:

*First,* The plaintiff has proved no demand of the rent, and no want of sufficient property upon the premises whereon to distrain for the alleged rent, and no notice of fifteen days as specified by the statute of 1846.

*Second,* The plaintiff has failed to prove the material allegations of his complaint, viz.: He has not proved that he was the owner in fee of the premises in question, nor has he proved that he had any estate or interest in the premises.

*Third,* All he claims to have owned, and all he has proved to have owned, was the right or chose in action of thirteen dollars and a half, annually; assuming that he was the owner of this annual sum, which we deny—it would not be enough to sustain this action; at most it would be only an incorporeal hereditament. Ejectment will not lie in favor of a party who has only an incorporeal hereditament.

*Fourth,* The plaintiff has shown nothing but deeds; there is no evidence that the grantors of those deeds had any estate in or title to the premises, or that they ever had any possession of the premises. This evidence is not enough to put the adverse party on his defense.

*Fifth,* The deeds of conveyance to the plaintiff, and to the plaintiff's grantor, were void by statute, because the premises were then in the actual possession of the defendant, and had been for more than twenty years, and he held possession under claim of title adverse to the plaintiff, and to the plaintiff's grantors.

*Sixth,* as an action for rent, the action cannot be sustained, because the relation of landlord and tenant did not exist between the parties to the action, and because the deed in which the rent was reserved, was a deed of assignment and not of lease.

*Seventh,* The action could not be maintained for the violation of the condition. The condition was void, because the party in whose favor it was made, had no reversion or estate in the premises to which it could attach; and if not void, it was only personal to him and could not be transferred, because there was no estate to which it was attached, and with which it could pass.

*Eighth,* If the conditions were operative, it would not help the plaintiff, because it could only avoid the estate —in which event the state, and not the plaintiff, would be entitled to the possession.

The court denied the motion for a nonsuit, and the counsel for the defendant excepted.

The court thereupon directed, and the jury found, a verdict for the plaintiff, to which the defendant also excepted.

The defendant made a case and bill of exceptions, and the court directed that the same be heard, in the first instance, at the general term.

M. & D. W. GRIFFIN, *attorneys, and*
A. BINGHAM, *of counsel, for defendant.*
C. B. COCHRAN, *for plaintiff.*

*By the Court,* MILLER, J.—The agreement between the landlord and tenant, in this case, provides that if the yearly rent is not paid at the time appointed, it shall be lawful for the grantor, his heirs and assigns, to re-enter upon the premises, and the same to have again, retain, repossess and enjoy. The plaintiff could, therefore, only sustain his action of ejectment:

*First.* By proof of a formal demand of the exact amount of rent due, at the particular place at which it was payable, on the very day it fell due. (*Van Rensselaer* agt. *Jewett,* 5 *Denio,* 13 ; 2 *Comst.,* 147.)

*Second.* By the remedy provided by the Revised Statutes in certain cases. (2 *R. S.,* 1st *ed. p.* 505, § 30.)

The plaintiff does not claim that he did sustain his action at common law. The defendant claims that he did not sustain the action under the statute, because he failed to prove a want of sufficient distress on the premises, or a notice of fifteen days in lieu thereof under the third section of chapter 274 of the laws of 1846.

The section of the Revised Statutes before cited, provides that whenever any half year's rent, or more, shall be in arrear, from any tenant to his landlord, and *no sufficient distress can be found on the premises to satisfy the rent due,* if the landlord has a subsisting right to re-enter for the non-payment of such rent, he may bring an action of ejectment for the recovery of the possession of the demised premises ; and the service of the declaration shall be deemed, and stand, instead of a demand of the rent in arerar, and of a re-entry on the demised premises.

The act of 1846, abolished the remedy of distress for rent, and the third section of that act provided : That whenever a right of re-entry was reserved to a grantor in default of a *sufficiency of goods and chattels whereon to distrain for the satisfaction of any rent due,* such a re-entry might be made at any time after default in the payment of such rent, provided fifteen days' notice in writing should be given, notwithstanding there might be a sufficiency of goods on the lands demised &c.

This section was clearly intended to apply to cases where the right of re-entry under the grant or lease was in default of sufficient goods and chattels whereon to distrain for the rent. The fifteen days' notice was intended as a substitute for the right to distrain in cases where there was a sufficient distress on the premises.

As this was not the case provided for by the act of 1846, no notice of fifteen days was necessary to maintain the action, nor would such a notice have been of any avail.

The plaintiff, not being entitled to recover at common law, the question arises whether the action could be main-

Hosford agt. Ballard.

tained under the section of the Revised Statutes, before referred to.

I think this depends upon the effect of the act of 1846, upon this provision of the statute. The act of 1846, does not, in so many words amend or alter the Revised Statutes; but it abolishes the right of distress absolutely and expressly. It would, therefore, appear to leave the statute in force in every other respect. If this were an original question, I should entertain great doubts whether the abolition of distress for rent of itself, establishes that no sufficient distress can be found on the premises to satisfy the rent due. The leases which contain a clause that in default the lessor might distrain, and should there be no sufficient distress, the lessor might re-enter, are clearly intended to provide for cases where *sufficient property* could not be found on the premises to pay the rent. The provisions of the Revised Statutes were designed to provide the remedy of ejectment only in such cases, and for the reason that the rent could not be collected. The act of 1846 did not change the common law remedy, but only provided an additional remedy in certain cases. (*Williams* agt. *Potter*, 2 *Barb.*, 316 ; *The Mayor &c.* agt. *Campbell*, 18 *Id.*, 156.) It would, therefore, seem somewhat doubtful whether the legislature intended to give a remedy by ejectment under the Revised Statutes, without a demand, when there was property on the premises out of which the rent could have been realized.

The point, however, was considered and decided otherwise, in the case of *Van Rensselaer* agt. *Snyder*, 3 *Kern.*, 299. GARDINER C. J., in defining what is meant by the terms " sufficient distress," used in the Revised Statutes, says : " The terms 'sufficient distress,' in the grant, are not equivalent for sufficient property to satisfy the rent, they refer to property not only sufficient in kind and value for the purpose, but which, in addition, is subject by law to be distrained and sold in satisfaction of the rent in arrears. They include the idea of an existing legal remedy as well as

property subject to it."   Again, " The tenant might have any considerable amount of property upon the premises, but he could not, after the passage of the act, have a sufficient distress."

He also says : "In a failure in this particular ('a sufficient distress') the landlord could proceed at common law, or under the statute (2 *R. S.*, 579).   Then came the law of 1846. The right to distrain was abolished. There could be no sufficient distress upon or off the premises."

Although, in that case, the clause of re-entry was upon condition that no sufficient distress could be found upon the premises, yet the question now discussed was distinctly presented and decided, and whatever doubts may be entertained, must yield to the express adjudication of a higher tribunal. It must, therefore, be considered as *res judicata.*

I am inclined to think that the other questions raised are covered by the decisions of this court, in *Main* agt. *Green*, (52 *Barb.* 485.)

New trial denied with costs.