## SUPREME COURT.

### JOSEPH C. ADAMS and another agt. JOHN F. PERKINS and others.

There is no *limitation* to the number of *term fees in the court of appeals,* which are
taxable under subdivision 7 of section 307 of the Code. The limitation of term
fees only applies to the *circuits* and the *special* and *general terms.*
The judgment of the special term was rendered in favor of the defendant for his
costs, amounting to $193.25; the judgment of the general term affirmed the judg-
ment, with $54.80 costs of the appeal. The court of appeals affirmed the judg-
ment of the general term, with costs, and ten per cent. in addition upon the
" amount of the judgment:" *held,* that the ten per cent. should be computed
upon the amount of *both* the judgments below, but not upon the *interest* accrued
on the judgments.

*Chemung Special Term, second Tuesday of April,* 1863.

MOTION for readjustment of costs. The facts are suffi-
ciently stated in the opinion of the court.

LOUIS L. BUNDY, *for motion.*
HEZEKIAH STURGES, *opposed.*

PARKER, Justice. This is a motion for readjustment of
costs. The action was tried before a referee, and re-
sulted in a judgment in favor of the defendants for their
costs, which amounted to $193.25. An appeal was taken
from this judgment to the general term, which affirmed
the judgment, with costs. The costs were taxed at
$54.80, and judgment in favor of the defendants was en-

tered and perfected, affirming said judgment for $193.25, with $54.80 costs of said appeal. The plaintiff then appealed from the judgment rendered at the general term, to the court of appeals, and in said court the judgment of the general term was affirmed, with costs, and ten per cent. in addition thereto on the amount of the judgment, by way of damages. The remittitur from the court of appeals was filed in the clerk's office of Otsego county, (which was the place of trial,) on the 21st day of March, 1863, and on that day the said two sums above mentioned, with interest thereon, amounted to $338.72. While the cause was in the court of appeals it was necessarily on the calendar of that court eight different terms, at which it was not reached prior to the term when it was argued.

On the adjustment of the costs by the clerk of Otsego, he allowed the defendants a fee of $10 for each of the eight terms at which the cause was on the calender of the court of appeals, and also ten per cent. on the said sum of $338.72, as the damages allowed by the court of appeals.

From these two allowances the plaintiff appeals, insisting that no term fees are taxable in the court of appeals, and that the ten per cent. is confined to the $54.80, the costs of the appeal to the general term, which, it is insisted, is the judgment appealed from to the court of appeals.

The 7th subdivision of section 307 of the Code, under which the claim for term fees is made, is as follows : " To either party, for every circuit or term, not exceeding five circuits, and five special and five general terms at which the cause is necessarily on the calendar, &c., ten dollars."

In the court of appeals there are no circuits, and no terms known as *special*, none known as *general* terms. The sessions of that court are called simply " terms." As such they are always spoken of in the constitution, in the

judiciary act of 1847, and in the Code; while the terms of the supreme court, the superior court, and court of common pleas of the city of New York are therein spoken of as *general* or *special* terms. (*Const., art.* 6, *secs.* 6–9; *Sess. Laws* 1847, *chap.* 280, §§ 6–13; *chap.* 470, §§ 1–11; *Code,* §§ 13, 17, 18, 19,*et passim.*)

If we consider the above provision of the statute without reference to the history of its several amendments, I think the construction given to it by the plaintiffs' counsel would be adopted as the correct one. But in order to ascertain what the legislature intended, it is necessary to look back and see how the matter stood when the subdivision was put into its present shape.

Up to 1857 the provision in question was as follows: "To either party, for *every* circuit or *term* at which the cause *is* necessarily on the calendar, &c., ten dollars." That evidently included terms in the court of appeals.

In 1857 it was amended so as to read as follows: "To either party for every circuit or term, not exceeding three, at which the cause is necessarily on the calendar, &c., ten dollars." Here the terms in the court of appeals are still included.

In 1858 it was, by amendment, put into the form in which it now stands, as quoted above. Did the legislature, by this amendment, intend to abolish the term fees in the court of appeals, or merely to fix a new limitation to the number, and apply it to the courts in which are held circuits, and *special* and *general* terms? It is to be observed, that the language granting term fees, viz., "to either party for every circuit or term," is not changed. By this portion of the section theretofore term fees in the court of appeals were given. The only change is in substituting for the words "not exceeding three," the following: "Not exceeding five circuits, and five special and five general terms."

I do not think we are to infer from this amendment

that the intention was to take away term fees in the court
of appeals, since such result does not necessarily follow.
They are still within the language of the grant, " for
every circuit or term ;" but term fees are not to exceed
five in number for the circuits, five for the special terms,
and five for the general terms, at which respectively the
cause shall be on the calendar.   No limitation is made as
to the number to be allowed for the *terms* not known as
*special* or *general;* so that the amendment of 1858 takes
away all limitation from the number allowed in the court
of appeals, and enlarges it to five in the other courts.
Such, it seems to me, must be deemed the intention of
the legislature in making the last amendment.   The
amendment should not be held to abrogate the grant of
term fees in the court of appeals, made by the former act,
unless manifestly inconsistent with and repugnant to that
grant. (*Bowen* agt. *Lease,* 5 *Hill,* 221 ; *Williams* agt. *Potter,*
2 *Barb.,* 316 ; 9 *Cow.,* 506.) I am of the opinion, there-
fore, that the term fees were properly allowed.

In regard to the amount of damages allowed by the
clerk, under the award of damages by the court of ap-
peals, I think the clerk was right in adopting the whole
amount of the recovery below as the amount of the judg-
ment on which to compute the ten per cent., but wrong in
including the interest on that amount as part of the sum
on which to base the computation.

The provision of the statute under which the damages
were awarded is as follows : " And when a judgment is
affirmed the court may, in its discretion, also award dam-
ages for the delay, not exceeding ten per cent. upon the
amount of the judgment." Although the judgment given
at the general term did not include a new judgment for
the amount recovered in the action, for which judgment
had been already entered, but was a judgment affirming
said judgment for the amount recovered, with costs of the
appeal, I think, in contemplation of the above provision

of the Code, the amount of the judgment includes both the amount of the judgment recovered and the costs of the appeal. The object of this discretionary power given to the court is to prevent appeals merely for delay; and it can scarcely be supposed that it was intended to apply the ten per cent. merely to the costs of the appeal to the general term. The appeal to the court of appeals is not merely from the costs of the appeal to the general term, but from the affirmance of the judgment for the amount recovered, as well; and the affirmance in the court of appeals is of the judgment of the general term affirming the judgment for the recovery below. Besides, such a penalty would be so plainly inadequate to the object, that that construction is to be rejected if any other is open which will better accord with the intent. In view of the object, it seems to me very clear that the intention was to apply the ten per cent. to the whole amount of the recovery in the court below, including costs, whether entered in one judgment or two. In this case it may be well said, that the whole recovery is covered by the judgment of the general term, when it affirms the judgment for $193.25, with $54.80 costs of appeal. The computation, then, should have been made upon the aggregate of these two sums. That is what is meant, as I understand it, by the "amount of the judgment," but not that amount and interest on it down to the time of the filing of the remittitur. The amount of the judgment is the amount recovered in the court below. (*See Day* agt. *Roth*, 16 *N. Y. R.*, 448, 457.)

There must, therefore, be a readjustment for the purpose of making this correction. In other respects the adjustment by the clerk was correct. No costs of this motion are given to either party.