mortgage, either by Smith, had he taken the bill, or by Tatham, who did take it.

The plaintiff purchased the mortgage after all this took place, and he took it subject to these equities, which in my opinion were not defeated nor extinguished by the subsequent transfer of the mortgage to the plaintiff.

My conclusions are, that Tatham, having received, by transfer, the bill for plumbing work performed by Arment, under his contract with Dunscomb, could require its application as payment *pro tanto* on the mortgage, and that the tender of the balance due on the mortgage, and the refusal of the plaintiff to receive it, extinguished the lien of the mortgage.

The conclusion of the learned justice was therefore correct, and the judgment should be affirmed, with costs.

## SUPREME COURT.

### JOSIAH T. SHORD agt. HENRY DWIGHT.

Since the amendment of the 307th section of the Code, in 1858, there has been and is *no limitation to the number of term fees in the court of appeals,* taxable under subdivision 7 of that section. (*This agrees with Adams* agt. *Perkins,* 25 *How. Pr. R.* 368.)

*New York General Term, December,* 1863.
APPEAL from taxation of costs.

B. C. THAYER, *for appellant.*
TRACY, POWERS & TALLMADGE, *for respondent.*

By the court, SUTHERLAND, P. Justice. The question of costs presented by the appeal was recently carefully examined by Judge BOSWORTH, of the superior court, in *James B. Glentworth* agt. *Richard E. Moore and others,* and he came to the conclusion that, since the amendment of 1858 of sec-

Foster agt. Bryan.

tion 307 of the Code, there has been and is no limitation to the number of term fees in the court of appeals, taxable under subdivision 7 of that section. A copy of his opinion having been handed to the court, I have examined it with care, and entirely agree with him. Judge PARKER arrived at the same conclusion in *Adams* agt. *Perkins* (25 *How. Pr. R.* 368). The order appealed from should be reversed, with $10 costs, and the clerk should be directed to readjust the costs, and allow the $120 for the twelve term fees.

## SUPREME COURT.

### FOSTER agt. BRYAN.

It is not a *condition precedent* to its validity, that the *report of a referee be made within sixty days.*

The referee *forfeits his fees* by his neglect to make the report within sixty days, but this is a penalty imposed only on him.

It is the right of either party to proceed as though no report had been made, if it is not made in sixty days. But where both parties wait till the report is made and delivered, without attempting to proceed in the action, the *objection that the report was not made in sixty days is thereby waived.*

*New York Special Term, December,* 1863.

MOTION by defendant to set aside report of referee and the judgment thereon, on the ground that the report was not made within sixty days after final submission of the cause to the referee.

F. HART, *for defendant.*
Mr. CUMMINS, *for plaintiff.*

LEONARD, Justice. The referee failed to deliver his report within sixty days from the time the action was finally submitted to him, but no step was taken by either party to proceed in the action, as though no reference had been ordered, until after the report was made and deliv-