## WILLIAMS *vs.* POTTER.

The lessor of a lease executed prior to the 13th of May, 1846, in which the right of distress and re-entry for the non-payment of rent is expressly stipulated, can re-enter for the non-payment of rent, without giving fifteen days' previous notice in writing, to the tenant, of his intention to re-enter, on complying with the provisions of the revised statutes, vol. 2, 505, §§ 30, &c.

The third section of the act to abolish distress for rent, and for other purposes, passed May 13, 1846, does not affect the remedy by ejectment in favor of a landlord, under a lease executed prior to the passing of that act. It does not abolish the right of re-entry in the manner prescribed by the revised statutes, but provides an additional mode of conducting it.

The repeal of a statute by implication is not favored.

Unless the latter statute is manifestly inconsistent with, and repugnant to, the former, both remain in force.

Courts are bound to uphold the prior law, if the two may subsist together.

*It seems*, the fifteen days' notice required by the act of 1846 to be given to the tenant, of the landlord's intention to re-enter, may be waived by the tenant.

A party may waive a statutory requirement made for his benefit.

THE plaintiff brought an action of ejectment against the defendant for " a certain lot or piece of land with the appurtenances, situate in the town of Moriah in the county of Essex, and being known and distinguished as lot No. twenty-seven (27) of a tract of land called and known as Platt Rogers' Road Patent." The plaintiff's right of entry was stated to be on the first day of January, 1846, and the ouster was alleged to be on the first of March thereafter, and the plaintiff claimed in fee. The cause was tried as an inquest, under the plea of the general issue, at the Essex circuit in January, 1847, before WILLARD, then circuit judge.

On the trial the plaintiff introduced and gave in evidence a lease in fee, dated September 17, 1821, from the plaintiff to one Edmund Merchant, his heirs and assigns forever, of " all that lot, piece or parcel of land lying and being in the town of Schroon, county of Essex, and known and distinguished as the north three fourth parts of lot No. 27, in a patent granted to

Williams *v*. Potter.

Platt Rogers and others in the road patent, and was formerly the property of Platt Rogers deceased, and is to contain one hundred and fifty acres of land." The lease reserved the yearly rent of thirty-seven dollars to the lessor, payable on the first day of January in every year thereafter, and in case the rent should be in arrear for 20 days after the day of payment, it was lawful for the lessor and his assigns to enter and distrain, &c. and for the want of sufficient distress, to re-enter. The lease was in the usual form. Boyd, an agent of the plaintiff, engaged in the collection of his rents, and in other business, testified that this suit was commenced in October, 1846; that there was then about six years' rent due on the lease. That a short time before the suit was commenced, the witness called on the defendant for the rent in arrear, and the defendant told the witness he was in the possession of the premises mentioned in the lease, and that there was no personal property on the premises liable to be taken for the rent. The defendant did not pay the rent. To this last evidence the defendant's counsel objected; but the objection was overruled and the defendant's counsel excepted. The witness further testified that this suit was commenced by the plaintiff against the defendant *at the request of the defendant*—and also that he knew the lot in question. The plaintiff rested, and the defendant moved for a nonsuit, which was overruled, and the defendant's counsel excepted. The court then charged the jury that the admission of the defendant that there was no property on the premises from which the rent could be made, was an estoppel upon him, to prevent his pretending to the contrary; that the act to abolish distress for rent and for other purposes, passed May 13, 1846, did not affect this lease which was given many years before; that the plaintiff had shown enough to entitle him to recover; and directed the jury to find a verdict for the plaintiff, for the premises mentioned in the declaration; and the jury found accordingly. To all of which the defendant's counsel excepted.

*Higby & Pond*, for the defendant, now moved for a new trial.

*H. H. Ross*, for the plaintiff, cited *Laws of* 1846, *p.* 369; 5 *Hill*, 225; 9 *Cowen*, 506; 9 *Wend.* 147.

*By the Court*, WILLARD, J. The objection, raised for the first time on the argument, that the declaration was for the whole of lot No. 27, and the lease covered only the north three-fourths of the lot, and that the judge directed a verdict for the plaintiff for the premises mentioned in the declaration, comes too late. It was not pretended that the defendant was in possession of any land not covered by the lease; nor, in short, did the plaintiff claim any other, on the trial. The verdict cannot injure the defendant, and it can be conformed to the proof on a proper application. This is not the way to correct it.

It is now objected that the plaintiff showed no title to the land. This objection was not raised at the trial, unless it was embraced in the general motion for a nonsuit. The attention of the court and counsel was not drawn to it. As between the plaintiff and Merchant, the immediate lessee, the acceptance of the lease was an admission of the lessor's title. It is fair to infer from the testimony of Boyd, that Merchant and those succeeding him, had paid rent to Williams up to within six years of that time; thus leaving a period of above twenty years during which rent had been paid. The jury had a right to infer that the defendant was in possession as assignee of Merchant. He was called on for rent by the plaintiff's agent, and did not pretend to any title hostile to Williams, nor deny the fact that rent was in arrear from him. He admitted himself in possession, denied that there was any property on the premises to countervail the arrears of rent, and *requested the present suit to be brought against him for the recovery of the premises.* Moreover, he suffered the cause to be tried as an inquest. There is nothing in these objections.

The only question gravely raised on the trial, was whether since the act entitled " an act to abolish distress for rent, and

for other purposes," passed May 13, 1846, (*Laws of* 1846, *p.* 369,) the lessor of a lease executed prior to that time, in which the right of distress and re-entry for the non-payment of rent was expressly stipulated, could re-enter without giving fifteen days' previous notice in writing to the tenant, of such intention to re-enter. The circuit judge expressed the opinion to the jury that the statute in question did not affect this case; inasmuch as the lease in question was executed many years before the law was passed. Assuming that the revised statutes relative to the recovery of possession of demised premises for non-payment of rent, by ejectment, (2 *R. S.* 505,) are still in force, the plaintiff proved enough to entitle him to recover. In the case of *The Trustees of the First Incorporated Presbyterian Congregation in Salem* v. *Williams,* (9 *Wend.*147,) the admission of the tenant, made at the time of the service of the declaration, that there was not sufficient property on the premises liable to distress to countervail the arrears of rent, was held to conclude the defendant, and he was not permitted to contradict it; though he offered to do so. In the present case, the defendant did not ask to contradict his admission. He did not offer to show to the contrary; and the remark of the judge in his charge, whether correct or not, seems to be pointless. The third section of the act of 1846, does not repeal the mode prescribed by the revised statutes for a re-entry. It provides an additional method for conducting it, by substituting a fifteen days' notice in writing of the landlord's intention to re-enter, in lieu of showing that there was no sufficient distress on the premises. Abolishing the right of distress did not necessarily take away the remedy by ejectment for non-payment of rent. It was competent for the legislature to regulate that remedy. As they had taken away one remedy from the landlord, that of distress, they probably deemed it expedient to enlarge the remedy by ejectment, and to extend it to a class of cases to which it did not before apply. They have now made it applicable to a tenant on whose premises there is a sufficient distress, provided a notice of such intention, in writing, is served on the tenant fifteen days before the suit is commenced. The reme-

dy thus modified is not incompatible with the former one which required the landlord to prove the absence of a sufficient distress. Both remedies may subsist together, and the landlord be left to elect between them. The repeal of a statute by implication is never favored. Unless the latter statute is manifestly inconsistent with, and repugnant to, the former, both remain in force. Courts are bound to uphold the prior law if the two may subsist together. (*See* 5 *Hill*, 225, 226; 9 *Cowen*, 506.)

But admitting that the law of 1846 has worked a repeal, by implication, of the revised statutes, as to re-entry for non-payment of rent, I am still of opinion that the cause was rightly disposed of at the circuit. The request of the defendant to the plaintiff's agent to bring this suit, ought to be treated, if necessary to uphold the proceedings, as dispensing with notice in writing. A party may waive the performance of a statutory requirement made for his benefit. In addition to this, the objection of the defendant's counsel did not point to the want of notice. It was general. Had the objection been specific, it might, for ought we know, have been obviated.

New trial denied.

---

Same Term. *Before the same Justices.*