[No. 3,942.]

## THE PEOPLE *v.* S. B. WHIPPLE, No. 2.

POWER OF LEGISLATURE.—It is constitutional for the Legislature, in creating an office, to define the duties of the incumbent by referring to an existing statute, and to provide that those duties shall be the same as required by the Act referred to.

IDEM.—The legal effect of such reference is the same as though the Act referred to had been inserted in the Act creating the office.'

IDEM.—The subsequent repeal of the Act so referred to does not defeat nor render void the Act in which such reference is contained.

APPEAL from the District Court of the Third Judicial District, Alameda County.

The action was brought to recover a delinquent tax, levied for State and county purposes for the fiscal year 1870.  The assessment was made by James La Rue, who in 1867 was elected Township Assessor of Brooklyn Township—one of the six Supervisor Townships into which the county was divided at the time of his election.  The plaintiff had judgment and the defendant appealed.  In March, 1864, the Legislature passed an Act "to provide for the election of Township Assessors in the county of Alameda," in which it was enacted that at each general election a Township Assessor should be elected in each of the Supervisor Townships in the county, and that such Assessors should have "all the powers and perform all the duties of County Assessors prescribed by the provisions" of the general Revenue Act of 1861."   (Stats. 1863–4, p. 243.)

*A. M. Crane* and *G. F. & Wm. H. Sharp*, for Appellant.

1. The Township Assessor Act is a revision of the Revenue Act of 1864, so far as it relates to the county of Alameda, and the particular provisions prescribing the powers and duties of Assessors, so far as such provisions were intended to be adopted, should have "been re-enacted at length."   For want of such re-enactment the statute is void, because in conflict with Section 25 of Article III. of the Constitution, which requires all Acts revised or amended to be re-enacted at length.

2. If the power to make assessments could be conferred by mere reference, the only section which conferred the power was repealed before this assessment was made.  Section 13 of the Act of 1861 was repealed, and re-enacted by the Act of March 30th, 1868.   (Stat. 1867–8, p. 674.) This was the absolute repeal of the section and the creation of a new law.   (*Billings* v. *Harvey*, 6 Cal. 381; *Billings* v. *Hall*, 7 Cal. 1.)

*A. A. Moore*, District Attorney, for Respondent.

By the COURT:

1.  It is competent for the Legislature, in creating an

office, to define the duties of the incumbent, by making reference to another and existing statute, and to provide that those duties shall be the same as required by the Act so referred to. The twenty-fifth section of the third article of the Constitution does not prohibit that mode of legislation.

2. Nor does the subsequent repeal of the Act so referred to, operate to defeat or curtail the scope of the Act in which such reference is contained, for the legal effect of such reference, in the first instance, is the same as though the Act so referred to had been inserted therein *in extenso.*

3. The third point of the appellant was abandoned on the argument.

Judgment affirmed.