WICK v. FT. PLAIN & R. S. RY. CO. et al.

(Supreme Court, Appellate Division, Fourth Department. March 26, 1898.)

1. RAILROADS—LIENS FOR LABOR—PERSONS ENTITLED.
    Liens for labor performed by day laborers, civil engineers, and bookkeepers, working for daily and monthly wages, and not being officers, managers, or superintendents, are within Laws 1875, c. 392, whose provisions include such laborers within the class of persons therein described as railroad employés.

2. STATUTES—IMPLIED REPEAL.
    Laws 1870, c. 529, enacting that the laws relating to mechanics' liens shall apply to labor performed and materials furnished for bridge and trestle work for railroads, was not impliedly repealed by Laws 1885, c. 342, which codified and repealed all the statutes relative to mechanics' liens passed prior to 1870, as a statute which refers to and adopts the provisions of a prior statute is not repealed by a subsequent repeal of the prior statute.

3. RAILROAD AND CONSTRUCTION COMPANIES—IDENTITY.
    A construction company was organized to build a railroad for the purpose of shielding the railroad company from liability for its construction. The

shareholders of the construction company were to become the owners of all the bonds of the railroad company, and nearly all its stock, in case the scheme was successful. Both corporations occupied the same offices, and were managed by substantially the same persons. *Held*, that the construction company was the mere tool of the railroad company, and that lienors contracting with the construction company were entitled to file liens against the railroad company.

4. MECHANICS' LIENS—LOSS—PERSONAL JUDGMENT.
In an action to foreclose a mechanic's lien, and to determine the rights and priorities of others, judgment may be rendered for the amount due on the claim, although the lien has become inoperative by lapse of time.

Appeal from special term.

Action by Richard B. Wick against the Ft. Plain & Richfield Springs Railway Company and others. From a judgment foreclosing nine mechanics' liens, and for damages in favor of lienors whose liens had ceased to be such by lapse of time, rendered on a decision separately stating the facts found and the conclusions of law, defendant railway company appeals. Affirmed.

This action was begun June 6, 1895, to foreclose a mechanic's lien filed April 2, 1895, for $1,435, alleged to be due for services rendered as an engineer. The defendants are (1) the railroad corporation, (2) a construction company, (3) the trustee for bondholders in a mortgage executed by the railroad company, and (4) several persons who filed mechanics' liens before and after the lien filed by the plaintiff. August 8, 1892, the Ft. Plain & Richfield Springs Railway Company was incorporated under the laws of this state for the purpose of constructing a railroad 30 miles in length, extending from the village of Ft. Plain to the village of Richfield Springs, with a branch extending from the main line into the town of Palatine, having a capital stock of $300,000, divided into 300 shares of $100 each. August 3, 1894, the Richfield Construction Company was organized under the laws of West Virginia, with a capital stock of $500, divided into 5 shares of $100 each, all of which shares were subscribed for by five persons each taking 1 share, which corporation was authorized to increase its capital stock to $100,000. July 30, 1894 (three days before the incorporation of the Richfield Construction Company), the railway and the construction companies entered into a contract by which the latter agreed to construct and equip the railroad which the railway company was authorized to build, and complete it on or before December 31, 1894, for which the railway company agreed to increase its capital stock to $600,000, and turn over $567,200 of its stock to the construction company and $600,000 of the first-mortgage bonds, to be secured by a mortgage on the property of the railway company. The railway company covenanted to acquire and pay for the right of way and land required for stations at its own expense. September 20, 1894, the railway company executed a mortgage to the Farmers' Loan & Trust Company (a domestic corporation of this state), as trustee, to secure the payment of 600 bonds of $1,000 each, payable July 1, 1924, with interest at the rate of 5 per cent. per annum from July 1, 1894, payable semiannually, which mortgage was duly recorded in the offices of the clerks of the counties through which the railroad was constructed on the 4th of October, 1894. The bonds to be issued pursuant to this mortgage were the ones which were to be paid over to the construction company in part payment for the construction of said railroad. Under the construction contract the construction company began the construction of the road, and continued work until the spring of 1895, when the construction company and the railway company became insolvent. The railroad company, in payment for the work done by the construction company, delivered to it 150 mortgage bonds, amounting at their par value to $150,000, and 1,000 shares of its stock, amounting at its par value to $100,000, but made no other payment, and the railway company failed to purchase and pay for the right of way and land for station grounds, as provided for by said contract. Between December 22, 1894, and June 3, 1895, a large number of mechanics' liens were filed against the railway company. All the persons filing liens had performed labor or furnished materials for the construction of the railroad, pursuant to

contracts entered into between them and the construction company; none of them having contracts directly with the railway company. The court found that the plaintiff and certain defendants filed valid liens for the sums due them for labor, which had ceased to be liens by the lapse of time; and it ordered judgment for damages against the railway company for the amount due upon these liens, but held that they, by the lapse of time, had ceased to have valid, specific mechanics' liens, enforceable as such, against the property of the railway company. It also held that nine of the defendants had valid mechanics' liens, which were foreclosed by the judgment, and directed to be paid in the order of their priority out of the avails of the sale of the property of the road, which was directed to be sold by a referee appointed by the judgment. Four bills of costs were awarded, one in favor of the plaintiff, and three in favor of the nine lienors who appeared by three sets of attorneys. Whether the mortgage issued to the trust company was a valid lien was left undetermined, and the action against the trust company was dismissed without costs. From this judgment the railway company appealed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

James G. Janeway, for appellant.

H. J. Cookingham, for respondent Richard B. Wick.

William E. Seavey, for respondents Mold, Tillyou, Burr, and Noak.

Joseph L. Moore, for respondents Devendorf, Errgong, Smith, Hallinans, and Hale.

George L. Terry, for respondents Mairs, Lewis, and Hodge.

FOLLETT, J.    By chapter 392 of the Laws of 1875 (3 Rev. St. [9th Ed.] p. 2408), persons performing labor for a railroad corporation were authorized to file liens upon the lands, tracks, rolling stock, and appurtenances of the railroad for the value of their labor, binding the interest of the corporation in such property existing at the time of filing the liens. This statute remained in force until repealed by chapters 418 and 419 of the Laws of 1897. By the fifth section of chapter 392, Laws 1875, it was provided that a lien so filed should expire unless a judgment was recovered thereon within one year from the date of filing. This section was, in legal effect, a copy of section 20 of chapter 402 of the Laws of 1854, under which it was held that, in case a judgment was not recovered on the lien within one year from the date of its filing, it ceased to be a valid lien. Benton v. Wickwire, 54 N. Y. 226. The plaintiff's lien, which was for labor performed, and the liens of such of the defendants as were solely for labor, and filed more than a year prior to the entry of the judgment herein, were held invalid by reason of the lapse of time. Nine liens were established by the judgment in this action, which are divisible into two classes: Class 1: Thomas M. Hale, $82.08, for labor on abutments and cattle passes. Fred Mold, $180.03, William J. Tillyou, $84.72, and Harry W. Burr, $127.08, for labor performed as members of the engineering corps, for which each filed a separate lien. John M. Noak, $211.80, for labor as bookkeeper in the office of the construction company at Ft. Plain. Class 2: John W. Smith, $905.98, for stone for bridges, culverts, and cattle passes, and labor performed thereon. James A. Hallinan and Patrick Hallinan, $3,101.52, for stone, sand, and other materials for abutments and piers for bridges, and for labor thereon. Charles F. Mairs, Matthew C. Lewis,

50 N.Y.S.—31

and Irving A. Hodge (constituting the firm of Mairs, Lewis & Hodge), $8,787.73, for timber and iron for bridges, and for labor thereon. Abram Devendorf and John Errgong, $3,727.04, for lumber and piles for bridges, trestleworks, and cattle passes, and labor thereon. The liens embraced in class 1 were authorized by chapter 392 of the Laws of 1875, which is entitled "An act for the better security of railroad employees for performing labor." None of the lienors embraced in class 1 were officers, managers, or superintendents, but were laborers working for wages, daily and monthly, and are within the class of persons described in the act. Stryker v. Cassidy, 76 N. Y. 50.

Chapter 529 of the Laws of 1870 (3 Rev. St. [9th Ed.] p. 2636) provided:

"An act in relation to mechanics' liens.

"Section 1. The provisions of the laws relating to mechanics' liens heretofore passed shall apply to bridges and trestle work erected for railroads and materials furnished therefor, and labor performed in constructing said bridges, trestle work and other structures connected therewith, and the time within which said liens may be filed shall be extended to ninety days from the time when the last work shall have been performed on said bridges, trestle work and structure connected therewith, or the time from which said materials shall have been delivered. This act shall apply to all uncompleted work commenced previous to the passage of this act."

This chapter was in force until repealed by chapter 418 of the Laws of 1897. It is asserted by the learned counsel for the appellant that, all of the statutes passed prior to this act having been codified and repealed by chapter 342 of the Laws of 1885, chapter 529 of the Laws of 1870 was repealed by implication. The repeal of statutes by implication is not favored by the courts. Sedg. St. Law, 1878; Williams v. Potter, 2 Barb. 316; Mark v. State, 97 N. Y. 572. The statute of 1885 is in nowise inconsistent with the act of 1870, and, notwithstanding the repeal of the mechanic's lien laws referred to in the act of 1870, they may be resorted to for the purpose of determining the scope and effect of that act. A statute which refers to and adopts the provisions of a prior statute is not repealed by the subsequent repeal of the prior statute, and the provisions of the incorporated statute continue in force so far as it forms a part of the second statute. Reg. v. Stock, 8 Adol. & E. 405; Reg. v. Merionethshire, 6 Q. B. 343; Reg. v. Smith, L. R. 8 Q. B. 146; Reg. v. Stepney Union, L. R. 9 Q. B. 383; Ex parte Rossmore, Ir. R. 8 Eq. 366; Sika v. Railway Co., 21 Wis. 370; Spring Valley Waterworks v. City of San Francisco, 22 Cal. 434; Nunes v. Wellisch, 12 Bush, 363; End. Interp. St. § 493; Dwar. St. (Potter's Ed.) pp. 191, 192.

It is urged by the learned counsel for the appellant that the lienors are not entitled to liens, because they contracted directly with the construction company, and not with the railway company. The learned trial court found upon evidence quite sufficient to support the findings that the so-called "construction company" was organized solely for the purpose of constructing this particular railroad, and that, though the two companies, in form, entered into a contract by which the construction company agreed to construct the line, in fact the construction company was merely the agent of the railway corporation. I think no one can read the evidence contained in this record without

coming to the conclusion that such was the fact. The construction company had a nominal capital of $500, of which, so far as it appears, only $250 were paid in, and after the failure of the enterprise the construction company failed to pay its annual tax of $50 to the state of West Virginia, and ceased to exist under the laws of that state. Both corporations occupied the same office, and were managed substantially by the same persons. The organization of the construction company under the laws of West Virginia, with a nominal capital of $500, only one-half of which was paid in, was part of a scheme by the promoters of the railroad to enable them, under the cover of the construction company, to shield the railway company and its shareholders from liability; and, in case the scheme was successful, the shareholders of the construction company were to become the owners of all the bonds and the greater part of the stock of the railway corporation. The mode in which the business of the two corporations was conducted conclusively shows, as I think, that the construction corporation was the mere tool of the railway corporation and its promoters, and that the latter corporation must be held to be the principal in the contracts entered into for the construction of the line.

The liens of the second class for materials furnished and labor performed in building the structures describe the structures with sufficient certainty, and they are not void as against the railway corporation for indefiniteness of description, and, there being no conflict between the lienors as to the sufficiency of any of the descriptions, or as to the priority of the liens, the notices of liens are sufficient. Neither the railway corporation nor the construction company asserts that the materials and labor for which liens were filed were not furnished and performed, nor is it asserted by either that the sums claimed by the several persons who filed liens were not justly due the claimants. It is well settled that when liens are filed for labor performed and materials furnished, which have become inoperative by the lapse of time, judgments for the amounts due on the claims may be rendered in an action brought to foreclose one of the liens and to determine the rights and priorities of the others.

The judgment should be affirmed, with four bills of costs,—one in favor of the plaintiff, one in favor of the respondents represented by William E. Seavey, one in favor of the respondents represented by Joseph L. Moore, and one in favor of the respondents represented by George L. Terry. All concur.