RICHARD B. WICK, Respondent, *v.* FORT PLAIN AND RICHFIELD
   SPRINGS RAILWAY COMPANY, Appellant; ABRAM DEVENDORF and
   Others, Respondents, Impleaded with Others.

*Mechanics' liens for work on railroad trestle work and bridges — right to recover*
   *money judgments where the liens have expired — repeal by implication not favored —*
   *when the railroad company is liable as principal under contracts made by a con-*
   *struction company for the building of its road.*

Persons who have filed liens, under chapter 392 of the Laws of 1875, against the
   property of a railroad company for labor and materials furnished, but whose
   liens have, under the 5th section of the act, expired because the lienors did
   not recover judgments upon them within one year from the date of their
   filing, are still entitled, in an action brought to foreclose one of the liens and to
   determine the rights and priorities of others, to recover judgments against the
   corporation for the amount due on their claims.

A statute which refers to and adopts the provisions of a prior statute is not
   repealed by the subsequent repeal of the prior statute, but the provisions of
   the incorporated statute continue in force so far as they form a part of the
   second statute.

The express repeal effected by chapter 342 of the Laws of 1885, by which all of
   the mechanics' lien laws enacted prior thereto are expressly repealed, does not
   repeal by implication chapter 529 of the Laws of 1870, an act applying the pro-
   visions of the mechanics' lien laws to railroad bridges and other structures con-
   nected therewith, as the act of 1885 is in nowise inconsistent with the act of
   1870.

Circumstances stated, under which it was considered that a construction com-
   pany was merely the agent of a railroad company, and that the latter was
   liable as the principal under contracts made by the construction company for
   the construction of the road.

APPEAL by the defendant, the Fort Plain and Richfield Springs
Railway Company, from a judgment of the Supreme Court in favor
of the plaintiff, entered in the office of the clerk of the county of
Herkimer on the 2d day of June, 1896, upon the decision of the
court, separately stating the facts found and the conclusions of law,
rendered after a trial at the Oneida Special Term, foreclosing nine
mechanics' liens, and awarding damages in favor of lienors whose
liens had ceased to be such by lapse of time, and also from an order
denying said defendant's motion for a new trial.

This action was begun June 6, 1895, to foreclose a mechanic's lien filed April 2, 1895, for $1,435, alleged to be due for services rendered as an engineer. The defendants are (1) the railroad corporation, (2) a construction company, (3) the trustee for bondholders in a mortgage executed by the railroad company, and (4) several persons who filed mechanics' liens before and after the lien filed by the plaintiff.

August 8, 1892, the Fort Plain and Richfield Springs Railway Company was incorporated under the laws of this State for the purpose of constructing a railroad thirty miles in length, extending from the village of Fort Plain to the village of Richfield Springs, with a branch extending from the main line into the town of Palatine, having a capital stock of $300,000, divided into 3,000 shares of $100 each. August 3, 1894, the Richfield Construction Company was organized under the laws of West Virginia with a capital stock of $500, divided into 5 shares of $100 each, all of which shares were subscribed for by five persons, each taking one share, which corporation was authorized to increase its capital stock to $100,000. July 30, 1894 (three days before the incorporation of the Richfield Construction Company), the railway and the construction companies entered into a contract by which the latter agreed to construct and equip the railroad which the railway company was authorized to build, and complete it on or before December 31, 1894, for which the railway company agreed to increase its capital stock to $600,000, and turn over $567,200 of its stock to the construction company, and $600,000 of the first mortgage bonds to be secured by a mortgage on the property of the railway company. The railway company covenanted to acquire and pay for the right of way and land required for stations at its own expense. September 20, 1894, the railway company executed a mortgage to the Farmers' Loan and Trust Company (a domestic corporation of this State), as trustee, to secure the payment of 600 bonds of $1,000 each, payable July 1, 1924, with interest at the rate of five per cent per annum from July 1, 1894, payable semi-annually, which mortgage was duly recorded in the offices of the clerks of the counties through which the railroad was constructed on the 4th of October, 1894. The bonds to be issued pursuant to this mortgage were the ones which were to be paid over to the construction company in part payment for the con-

struction of said railroad. Under the construction contract the construction company began the construction of the road and continued work until the spring of 1895, when the construction company and the railway company became insolvent. The railroad company, in payment for the work done by the construction company, delivered to it 150 mortgage bonds, amounting at their par value to $150,000, and 1,000 shares of its stock, amounting at its par value to $100,000, but made no other payment, and the railway company failed to purchase and pay for the right of way and land for station grounds, as provided for by said contract.

Between December 22, 1894, and June 3, 1895, a large number of mechanics' liens were filed against the railway company. All the persons filing liens had performed labor or furnished materials for the construction of the railroad, pursuant to contracts entered into between them and the construction company, none of them having contracts directly with the railway company. The court found that the plaintiff and certain defendants filed valid liens for the sums due them for labor, which had ceased to be liens by the lapse of time; and it ordered judgment for damages against the railway company for the amount due upon these liens, but held that they, by the lapse of time, had ceased to have valid specific mechanics' liens, enforcible as such, against the property of the railway company. It also held that nine of the defendants had valid mechanics' liens which were foreclosed by the judgment and directed to be paid in the order of their priority out of the avails of the sale of the property of the road which was directed to be sold by a referee appointed by the judgment. Four bills of costs were awarded, one in favor of the plaintiff and three in favor of the nine lienors, who appeared by three sets of attorneys. Whether the mortgage issued to the trust company was a valid lien was left undetermined, and the action against the trust company was dismissed, without costs. From this judgment the railway company appealed.

*James G. Janeway* and *Frederick Geller*, for the appellant.

*H. J. Cookinham*, for the plaintiff, respondent.

*William E. Seavey*, for Mold, Tillyou, Burr and Noak, defendants, respondents.

*Joseph L. Moore*, for Devendorf, Errgong, Smith, Hallinans and Hale, defendants, respondents.

*George L. Terry*, for Mairs, Lewis and Hodge, defendants, respondents.

FOLLETT, J.:

By section 1 of chapter 392 of the Laws of 1875 (3 R. S. [9th ed.] 2408) persons performing labor for a railroad corporation were authorized to file liens upon the lands, tracks, rolling stock and appurtenances of the railroad for the value of their labor, binding the interest of the corporation in such property existing at the time of filing the liens. This statute remained in force until repealed by chapters 418 and 419 of the Laws of 1897.

By the 5th section of chapter 392, Laws of 1875, it was provided that a lien so filed should expire unless a judgment was recovered thereon within one year from the date of filing. This section was, in legal effect, a copy of section 20 of chapter 402 of the Laws of 1854, under which it was held that in case a judgment was not recovered on the lien within one year from the date of its filing, it ceased to be a valid lien. (*Benton* v. *Wickwire*, 54 N. Y. 226.) The plaintiff's lien, which was for labor performed, and the liens of such of the defendants as were solely for labor and filed more than a year prior to the entry of the judgment herein, were held invalid by reason of the lapse of time.

Nine liens were established by the judgment in this action, which are divisible into two classes :

*Class I.* Thomas M. Hale, $82.08, for labor on abutments and cattle passes.

Fred Mold, $180.03 ; William J. Tillyou, $84.72, and Harry W. Burr, $127.08, for labor performed as members of the engineering corps, for which each filed a separate lien.

John M. Noak, $211.80, for labor as bookkeeper in the office of the construction company at Fort Plain.

*Class II.* John W. Smith, $905.98, for stone for bridges, culverts and cattle passes and labor performed thereon.

James A. Hallinan and Patrick Hallinan, $3,101.52, for stone, sand and other materials for abutments and piers for bridges and for labor thereon.

Charles F. Mairs, Matthew C. Lewis and Irving A. Hodge (constituting the firm of Mairs, Lewis & Hodge), $8,787.73, for timber and iron for bridges and for labor thereon.

Abram Devendorf and John Errgong, $3,727.04, for lumber and piles for bridges, trestle works and cattle passes and labor thereon.

The liens embraced in class 1 were authorized by chapter 392 of the Laws of 1875, which is entitled "An Act for the better security of railroad employees for labor performed." None of the lienors embraced in class 1 were officers, managers or superintendents, but were laborers working for wages, daily and monthly, and are within the class of persons described in the act. (*Stryker* v. *Cassidy*, 76 N. Y. 50.)

Chapter 529 of the Laws of 1870 (3 R. S. [9th ed.] 2636) provided :

"AN ACT in relation to mechanics' liens.

" SECTION 1. The provisions of the laws relating to mechanics' liens heretofore passed, shall apply to bridges and trestle work erected for railroads and materials furnished therefor, and labor performed in constructing said bridges, trestle work and other structures connected therewith, and the time within which said liens may be filed shall be extended to ninety days from the time when the last work shall have been performed on said bridges, trestle work and structures connected therewith, or the time from which said materials shall have been delivered. This act shall apply to all uncompleted work commenced previous to the passage of this act."

This chapter was in force until repealed by chapter 418 of the Laws of 1897.

It is asserted by the learned counsel for the appellant that all of the statutes passed prior to this act, having been codified and repealed by chapter 342 of the Laws of 1885, chapter 529 of the Laws of 1870 was repealed by implication. The repeal of statutes by implication is not favored by the courts. (Sedg. on Stat. & Const. Law, 1878; *Williams* v. *Potter*, 2 Barb. 316; *Mark* v. *The State*, 97 N. Y. 572.) The statute of 1885 is in nowise inconsistent with the act of 1870, and notwithstanding the repeal of the Mechanics' Lien Laws, referred to in the act of 1885, they may be resorted to for the purpose of determining the scope and effect of that act. A statute

which refers to and adopts the provisions of a prior statute is not repealed by the subsequent repeal of the prior statute, and the provisions of the incorporated statute continue in force, so far as it forms a part of the second statute. (*Regina* v. *Stock,* 8 Ad. & El. 405 ; *Regina* v. *Merionethshire,* 6 Q. B. 343 ; *Regina* v. *Smith,* L. R. [8 Q. B.] 146 ; *Regina* v. *Stepney Union,* 9 id. 383 ; *Ex parte Rossmore,* 8 Irish Rep. [Eq.] 366 ; *Sika* v. *Chicago, etc., R. R. Co.,* 21 Wis. 370 ; *Spring Valley W. W.* v. *San Francisco,* 22 Cal. 434 ; *Nunes* v. *Wellisch,* 12 Bush [Ky.], 363 ; End. Interp. Stat. § 493 ; Dwar. Stat. [Potter's ed.] 191, 192.)

It is urged by the learned counsel for the appellant that the lienors are not entitled to liens because they contracted directly with the construction company, and not with the railway company. The learned trial court found, upon evidence quite sufficient to support the findings, that the so-called construction company was organized solely for the purpose of constructing this particular railroad, and that, though the two companies, in form, entered into a contract by which the construction company agreed to construct the line, in fact the construction company was merely the agent of the railway corporation. I think no one can read the evidence contained in this record without coming to the conclusion that such was the fact. The construction company had a nominal capital of $500, of which, so far as it appears, only $250 were paid in, and, after the failure of the enterprise, the construction company failed to pay its annual tax of $50 to the State of West Virginia, and ceased to exist under the laws of that State. Both corporations occupied the same office and were managed substantially by the same persons. The organization of the construction company, under the laws of West Virginia, with a nominal capital of $500, only one-half of which was paid in, was part of a scheme by the promoters of the railroad to enable them, under the cover of the construction company, to shield the railway company and its shareholders from liability, and, in case the scheme was successful, the shareholders of the construction company were to become the owners of all the bonds and the greater part of the stock of the railway corporation. The mode in which the business of the two corporations was conducted conclusively shows, as I think, that the construction corporation was the mere tool of the railway corporation and its promoters, and that the lat-

ter corporation must be held to be the principal in the contracts entered into for the construction of the line.

The liens of the second class for materials furnished and labor performed in building the structures, describe the structures with sufficient certainty, and they are not void as against the railway corporation for indefiniteness of description; and there being no conflict between the lienors as to the sufficiency of any of the descriptions, or as to the priority of the liens, the notices of liens are sufficient. Neither the railway corporation nor the construction company asserts that the materials and labor for which liens were filed were not furnished and performed, nor is it asserted by either that the sums claimed by the several persons who filed liens were not justly due the claimants.

It is well settled that when liens are filed for labor performed and materials furnished, which have become inoperative by the lapse of time, judgments for the amounts due on the claims may be rendered in an action brought to foreclose one of the liens, and to determine the rights and priorities of the others.

The judgment should be affirmed, with four bills of costs, one in favor of the plaintiff, one in favor of the respondents represented by William E. Seavey, one in favor of the respondents represented by Joseph L. Moore, and one in favor of the respondents represented by George L. Terry.

All concurred.

Judgment affirmed, with four bills of costs, one in favor of the plaintiff, one in favor of the respondents represented by William E. Seavey, one in favor of the respondents represented by Joseph L. Moore, and one in favor of the respondents represented by George L. Terry.