243 P.2d 465

## DAIRY AND CONSUMERS CO-OP. ASS'N v. ARIZONA TAX COMMIS-SION et al.

No. 5522.

Supreme Court of Arizona.

April 28, 1952.

Fred V. Moore, of Phoenix, for appellant.

Fred O. Wilson, Atty. Gen., Richard C. Briney, Asst. Atty. Gen., for appellees.

PHELPS, Justice.

This action was brought by appellant against the appellees seeking to recover privilege taxes for a portion of the year 1950, paid by it under protest, and to have the court declare it to not be subject thereto. The tax was levied under the provisions of section 73–1306, A.C.A.1939.

There was no dispute as to the facts. The court found that there was an actual

bona fide controversy between appellant and appellees as to the construction and application of the provisions of section 73–1306, supra, affecting the rights, duties, status and legal relations of the parties and was therefore a proper case for declaratory relief. After being fully advised as to the law in the premises, it resolved the issues in favor of the appellees and entered judgment accordingly, from which appellant appeals.

Section 73–1306, supra, is a part of the Excise Revenue Act of 1935 and reads as follows:

"Any person engaging in any business classified in subsection (a), paragraph 1, or in subsection (g), who sells the products of such business at retail in this state shall be required to make return of the gross proceeds of such sales and to pay the tax at the rate imposed by subsection (d), paragraph 1."

Subsection (d), paragraph 1, referred to is a part of section 73–1303 of the Act and in so far as here material, provides that the tax to be paid under the provisions of section 73–1306, supra, shall be:

"At an amount equal to two per cent of the gross proceeds of sales or gross income from the business upon every person engaging or continuing within this state in the following businesses:

"1.  Selling any tangible personal property whatsoever at retail, except bonds and stock. * * *"

The businesses under subsection (a) 1 made taxable under the provisions of section 73–1306, supra, at the rate imposed under subsection (d) 1, supra, are as follows:

"1.  Manufacturing, baling, crating, boxing, barrelling, canning, bottling, sacking, preserving, processing, or otherwise preparing for sale, profit or commercial use, agricultural and horticultural products, including livestock prepared for sale, or commercial use, or any product or products, article or articles, substance or substances, commodity or commodities not classified in paragraph 1, subsection (c) or in subsection (g)." .

Prior to March, 1950, the identical parties to this litigation in an action, like the one now before us, sought from us an interpretation of section 73–1306, supra, and in that case which is reported in 70 Ariz. 7, 215 P.2d 235, the decision of which was handed down in February, 1950, we held that appellant was subject to the payment of a privilege tax at an amount equal to two per cent of the gross proceeds of the sales of its products in Arizona as fixed by the provisions of subsection (d) 1, supra.

Subsequently thereto and in March of the same year the 19th Legislature of Arizona at its first special session passed House Bill 42, chapter 57, Laws 1950, 1st Sp. Sess., amending the Excise Revenue Act of 1935 by omitting, or striking from, section 73–

1303 thereof all of subsection (a) 1 and 2, which subsection reads as follows:

"(a) At an amount equal to one-fourth of one per cent of the gross proceeds of sales or gross income from the business upon every person engaged or continuing within this state in the following businesses:

"1. Manufacturing, baling, crating, boxing, barrelling, canning, bottling, sacking, preserving, processing, or otherwise preparing for sale, profit or commercial use, agricultural and horticultural products, including livestock prepared for sale, or commercial use, or any product or products, article or articles, substance or substances, commodity or commodities not classified in paragraph 1, subsection (c) or in subsection (g).

"2. Any product, article, substance or commodity included in paragraph 1, subsection (a), which shall be sold at retail, or to the ultimate consumer or user by any person classified in such subsection, shall be deemed to be a sale at retail of tangible property within the meaning of subsection (d) and the gross proceeds from sale of such product, article, substance or commodity so sold at retail shall be exempt from the provisions of paragraph 1, subsection (a) and shall be subject to the provisions of subsection (d)."

It is the contention of appellant that the repeal of subsection (a) 1 of section 73–1303, supra, adopted by reference in section 73–1306, supra, robs the latter section of its vitality; that the law now, as amended, contains no classification of businesses to which subsection (d) 1 can be applied under the provisions of section 73–1306, supra. It urges that the repeal of subsection (a) 2 which purports to provide for a tax based on retail sales at the same rate as fixed in section 73–1306, supra, is indicative of a legislative intent to absolve appellant from the payment of such tax. We cannot agree with this contention as we will hereinafter point out.

The solution of the problem presented rests upon the rules of statutory construction. The immediate question presented then is: Where a section of an act incorporates by reference a preceding section thereof, does the repeal of the preceding section destroy the effectiveness of its incorporation in the section which is continued in force? This precise question was before us in the case of Maricopa County v. Osborn, 60 Ariz. 290, 136 P.2d 270, 273. We said in that case:

"* * * The fact that paragraph 158 was subsequently repealed is not material because the rule is that when a statute is incorporated by reference the repeal of the statute does not in any wise destroy the effectiveness of its incorporation in the statute which is continued in force. Hence, it is wholly immaterial whether paragraph 158 of the Revised Statutes of 1901, was con-

tinued in force as a separate statute by the Revised Statute of 1913, or not. It was continued in effect insofar as the manner of giving notice of redemption was concerned by paragraph 5258 of the Revised Statutes of 1913. * * *"

The court then quoted with approval from 59 C.J. 937, 938, section 548, what it considered to be the general rule, as follows:

"A statute which refers to and adopts the provisions of a prior statute is not repealed or affected by the subsequent repeal of the prior statute. In such case, the incorporated provisions, considered as a part of the second statute, continue in force and are unaffected by the repeal."

We said in Clements v. Hall, 23 Ariz. 2, 201 P. 87, 89, in quoting from People v. Crossley, 261 Ill. 78, 103 N.E. 537, that:

"The effect of such reference is the same as though the statute or the provisions adopted had been incorporated bodily into the adopting statute. 2 Sutherland on Stat.Const. § 405. Such adoption takes the adopted statute as it exists at the time of the passage of the adopting act. * * *"

To the same effect is Savage v. Wallace, 165 Ala. 572, 51 So. 605, from which this court also quoted with approval in Clements

v. Hall, supra. The case of Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858, states that the above statutory construction is supported by the weight of authority.

Applying this rule to the instant case, section 76–1306, supra, must be read as if the provisions of subsection (a) 1, section 73–1303, supra, had been bodily incorporated into it at the time of its enactment and a subsequent repeal of subsection (a) 1 of section 73–1303, supra, had no effect whatever upon the provisions of section 73–1306, supra. Its provisions remain the same as it existed at the time of its passage. In order to relieve appellant of the tax imposed under the provisions of section 73–1306, supra, the Legislature would have to amend that section. The repeal of subsection (a) 1 did not have that effect. In the absence of any reference in the act as amended to section 73–1306, supra, we can find no legislative intent to repeal it. It follows, therefore, that appellant is subject to a tax at an amount equal to two per cent. of the gross sales of its products at retail within the state as provided therein.

Judgment affirmed.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concur.