376 P.2d 854

**COUNTY OF APACHE, State of Arizona, Appellants,**

v.

**SOUTHWEST LUMBER MILLS, INC., a Corporation, Appellee.**

**No. 6957.**

Supreme Court of Arizona,

En Banc.

Dec. 19, 1962.

324

Wade Church, Former Atty. Gen., Stanley Z. Goodfarb, Asst. Atty., Gen., Robert Pickrell, Present Atty. Gen., and D. L. Greer, County Atty., for appellants.

Stevenson & Babbitt, Flagstaff, for appellee.

BERNSTEIN, Chief Justice.

This is an appeal by Apache County from a judgment of the Superior Court of that county which awarded to the appellee a refund of inventory taxes paid under protest. The taxes were levied on raw, unfinished lumber which was undergoing processing at appellee's mill. The sole question raised is whether this property was exempt from taxation under Article IX, § 13 of the Arizona Constitution, A.R.S., which states:

"No tax shall be levied on raw or unfinished materials, unassembled parts, work in process or finished products, constituting the inventory of a manufacturer or manufacturing establishment located within the state and principally engaged in the fabrication, production and manufacture of products, wares and articles for use, from raw or prepared materials, imparting thereto new forms, qualities, properties and combinations, which materials, parts, work in process or finished products are not consigned or billed to any other party."

This provision was adopted by the voters at a referendum election on September 12, 1950. Its purpose, as stated in the official referendum publicity pamphlet issued by the Secretary of State is " * * * solely and simply to eliminate the inventory tax on raw materials, work in process, and finished products of Arizona manufacturers * * *" in order to encourage " * * * greater industrial development in our state and * * * provide more jobs for more Arizona people."

The appellant, however, calls our attention to A.R.S. § 42–228 which states:

"Assessment of machinery and equipment of manufactories at less than full cash value A. In this section, unless the context otherwise requires:

1. 'Manufactory' means an establishment principally engaged in the fabrication, production and manufacture of products, wares and articles from raw

or prepared materials, imparting to the materials new forms, qualities, properties and combinations, *but shall not include the following businesses,* * * * (a) * * * *felling, producing or preparing timber or any product of the forest for sale, profit or commercial use.*" (Emphasis added.)

This section was enacted by the legislature during a 1950 session (Ariz.Sess. Laws 1950, Second Special Session, ch. 9), and approved by the Governor on April 19, 1950. Thus, it was in effect at the time of the adoption of the constitutional amendment set out above. The appellant county argues that this was the only legislative definition of "manufacturer or manufacturing establishment" existing in the state at the time Article IX, § 13 was adopted, and therefore must be taken as demonstrating the "legislative intent" embodied in this constitutional provision. In support of this argument the county cites cases which stand for the correct proposition that a nearly contemporaneous legislative act interpreting a new constitutional provision will, after acquiescence in this interpretation by the interested parties for a period of years, be highly persuasive as the correct interpretation, e. g. New Cornelia Copper Company v. Espinoza, 268 F. 742 (9th Cir.1920); cf. Alvord v. State Tax Commission, 69 Ariz. 287, 213 P.2d 363 (1950).

This principle does not apply in the present case, however. The constitutional provision refers to taxes on the inventory of a manufacturer; the statute to an ad valorem assessment upon the machinery and equipment of manufactories. The statute does not purport to interpret the constitutional provision. · Rather, its definition is, by its terms, limited in application to the section in which it is given. There may be valid reasons for different treatment, of, for example, electronics manufacturers and lumber mills in assessing ad valorem taxes on plant machinery under A.R.S. § 42–228. Reason does not, however, suggest any basis for differential treatment under a constitutional exemption from inventory taxes which was designed to bring industries into the state. For similar reasons we find inapplicable the distinction between "processing" and "manufacturing" of lumber products contained in an administrative regulation of the Arizona State Tax Commission dealing with the Combined Privilege, Sales and Use Tax,[1] another definition unrelated to the inventory tax.

Apache County argues, however, that although the legislative and administrative definitions may not be in pari materia, they should be looked to in order to determine the "legislative intent" contained in the constitutional amendment.

[1]. Regulations under Arizona Administrative Procedure Act, Title 41, Art. II, paragraph 2.3.3 (1961).

■ The governing principle of constitutional construction is to give effect to the intent and purpose of the framers of the constitutional provision and of the people who adopted it. Unless the context suggests otherwise, words are to be given their natural, obvious and ordinary meaning, State, ex rel. Morrison v. Nabours, 79 Ariz. 240, 286 P.2d 752 (1955). There is no need in this case to seek out peculiar and limited definitions in unrelated tax provisions to determine the "natural, obvious and ordinary" meaning of "manufacturer or manufacturing establishment" as used in this provision.

■ The great weight of authority, in cases similar to this, is that tax exemptions dealing with manufacturers and manufactured products apply to lumber mills and lumber products, e. g. State ex rel. Browne v. A. W. Wilbert's Sons Lumber & Shingle Co., 51 La.Ann. 1223, 26 So. 106 (1899) (sawmill held within license tax exemption for manufacturers); Benedict Bros. v. Davidson County, 110 Tenn. 183, 67 S.W. 806 (1902) (logs and sawed lumber held manufactured products within tax exemption statute); State v. American Creosote Works, 163 La. 547, 112 So. 412 (1927) (producer of telephone poles, cross-ties, etc., held to be manufacturer within license tax exemption); Stearns Coal & Lumber Co. v. Thomas, 295 Ky. 808, 175 S.W.2d 505 (1943) (rough lumber held to be manufactured product and not within "raw materials" tax exemption).

The appellant, however, contends that the appellee has failed to show itself within the provision of the constitution which grants the tax exemption, since it does not impart to its products " * * * new forms, qualities, properties and combinations * * *" as required by the definition of the constitutional amendment. The county admits that standing timber is converted into new forms by the milling process, but denies that the process imparts new qualities, properties and combinations. We will assume *but do not decide* that the provision speaks of these attributes in the conjunctive, as the appellant asserts, and that a change in each must be shown before a product is "manufactured."

■ "Qualities" and "properties" are synonymous terms meaning attributes or characteristics. In size, shape, appearance, texture, utility and perhaps composition a board differs from the standing tree. As to "combination," the undisputed evidence showed that the kiln drying process used by appellee involves the addition of moisture by surrounding the lumber with live steam, followed by a controlled extraction of moisture to a uniform level by means of heat. Thereafter, a waxy substance is applied to the ends of each piece of lumber to prevent moisture loss. We hold that this process

results in a new "combination" of materials within the meaning of the constitutional provision.

The learned trial judge correctly found that the appellee is a manufacturer or manufacturing establishment within the meaning of Article IX, § 13 of the Arizona Constitution, and that it is entitled to the inventory tax exemption of that provision.

The judgment is affirmed.

UDALL, STRUCKMEYER, JENNINGS, and LOCKWOOD, JJ., concurring.