EDWIN MYLES, Appellant, *v.* THE BALLSTON TERMINAL RAILROAD COMPANY, Respondent.

*Master and servant — the servant continuing to work after the master secretly contracts with a third person — remedy of the servant.*

In an action brought to recover wages from a railroad company by a party who had been employed in the construction of its railroad as one of its laborers up to June, 1897, it appeared that at that date a contract was made by which a contractor, in consideration of certain amounts of stock and bonds of the railroad company, agreed with it to complete the construction of the railroad, but that the contract was kept secret, and, without notice of this fact to the plaintiff,

his employment was continued by a director of the railroad — who had been its agent up to the time of the making of the contract and thereafter continued in like service as agent for the contractor — the construction being continued ostensibly after the contract in like manner as before it, and from the same office and in great part by the same agents, the railroad company giving its notes for several liabilities incurred in the construction of the railroad after June 1, 1897, which the contractor paid. The testimony on the part of the company was to the effect that it had simply loaned its name to the contractor.

*Held,* that the complaint was improperly dismissed;

That the jury might have found that the railroad company, by its acts, both of omission and commission, intended to give the plaintiff and other laborers to understand that it was continuing the construction work after June, 1897, in like manner as before that date, and that the plaintiff believed he was employed by the company, which by its action induced that belief and intended to do so ;

That the jury might have found that the contractor was in fact the mere agent of the defendant in financing, for a consideration of speculative value, the bonds and stock of the company, and that the company was the real employer of the plaintiff.

APPEAL by the plaintiff, Edwin Myles, from a judgment of the County Court of Saratoga county in favor of the defendant, entered in the office of the clerk of the county of Saratoga on the 2d day of June, 1898, upon the dismissal of the complaint by direction of the court after a trial at the Saratoga County Court before the court and a jury, and also from an order entered in said clerk's office on the 18th day of June, 1898, denying the plaintiff's motion for a new trial made upon the minutes.

Also, from an intermediate order, made at a term of the Saratoga County Court and entered in the office of the clerk of the county of Saratoga on the 28th day of April, 1898, striking out the 2d paragraph of defendant's answer, but denying plaintiff's motion for an order overruling the defendant's answer as frivolous and for judgment upon the pleadings.

*Burton D. Esmond,* for the appellant.

*T. F. Hamilton,* for the respondent.

LANDON, J. :

The plaintiff wrought sixty-nine days as a laborer in the construction of the defendant's railroad in October, November and December, 1897, supposing that he was in the employ of the defendant, which he now sues for his wages.

The trial court nonsuited the plaintiff, holding that he was not in the employ of defendant, but of one Cox, an independent contractor for the construction of the defendant's railroad.

The defendant in 1896 and up to June, 1897, was engaged in the construction of its railroad near Ballston Spa, Saratoga county, and the plaintiff had been in its employ as a laborer for several months in 1896 and had been paid by it. The defendant had its office at Ballston Spa, and had a considerable force of agents and laborers in its service.

In June, 1897, it made a contract with one Justice Cox, Jr., of Philadelphia, Penn., and "his associates," the latter not being named, the contract being signed "Justice Cox, Jr., and associates," whereby Cox, in consideration of certain amounts of the stock and bonds of the railroad company, agreed to complete the construction of the railroad. The contract with him was kept secret from the plaintiff and other laborers both by the defendant and Cox.

The plaintiff was employed for the service for which he now seeks to recover by the direction of one Norris, who was a director of defendant and had been its agent up to the time of the contract with Cox, and thereafter continued in like service as agent for the constructor of the railroad without giving the plaintiff any notice or means of notice that the defendant had let the construction to another.

Ostensibly the construction was continued after the contract in like manner as before it and from the same office and in great part by the same agents, Cox being a continual absentee, and his name and contract concealed by the defendant from the plaintiff.

The defendant gave to several laborers employed in like manner as the plaintiff its notes for their wages, which it paid and charged the amounts of the payments to Cox. The defendant also gave its notes for several liabilities incurred in the construction of the railroad after June, 1897, and Cox paid them. The president of defendant testified respecting the latter transactions. "The fact is just this, that the company has simply loaned its name to Justice Cox, and that is the reason the notes are signed 'Ballston Terminal Railroad Company,' by its president. The notes are taken care of by Mr. Cox alone, but the people here don't know Mr. Cox, and so

the arrangement was to loan Mr. Cox the company's signature. * * * The executive committee has given me authority to sign notes for that purpose."

We think the jury might have found upon the evidence that the defendant by its acts, both of omission and commission, intended to give the plaintiff and other laborers to understand that the defendant was continuing the construction work after June, 1897, in like manner as before that date; that the plaintiff believed he was employed by defendant, and that the defendant by its action induced that belief and intended to do so.  Or, the jury might have found that the "associates" of Mr. Cox mentioned but not named in the contract, was another name for the defendant itself, since, in addition to the facts above mentioned, the party of the second part (that is, Cox "and his associates"), by the terms of the contract, agreed to pay out of the stock and bonds which the company agreed to pay him, various amounts to the creditors of the defendant, and other amounts to the defendant to enable it to settle outstanding bills, and still another amount of stock to the directors, we assume for the company and not for themselves, and thus that Cox, instead of being an independent contractor, was in fact the mere agent of the defendant in financing for a consideration of speculative value the bonds and stock of the company, and that the defendant was the real employer of the plaintiff.  ( *Wick* v. *Ft. Plain & Richfield Springs R. Co.*, 27 App. Div. 577.)  Or that, as between defendant and Cox, it was understood that defendant should continue to employ the laborers and look to Cox for indemnity.

In any of these cases the defendant would be liable for the wages of the plaintiff.

An intermediate order of the County Court, which we are asked to review, was not erroneous.

All concurred.

Judgment and order reversed, new trial granted, costs to abide the event.