### MYLES v. BALLSTON TERMINAL R. CO.

(Supreme Court, Appellate Division, Third Department. November 16, 1898.)

RAILROADS—CONSTRUCTION COMPANY—LIABILITY FOR WAGES OF LABORERS.

Defendant railroad company was engaged in the construction of its road in 1896, and up to June, 1897. Plaintiff had worked for it as a laborer in 1896. In June, 1897, the company made a contract with C. and "his associates," the latter not being named, and the contract being signed, "C. and His Associates," whereby C., in consideration of certain of the stock and bonds of the company, agreed to complete its construction. The contract was kept secret from plaintiff and other employés, both by the company and by C. Plaintiff was afterwards employed, for the services for which he seeks to recover, by a director of the company who had been its agent up to the time of the contract with C., and thereafter continued in like service as agent for C., without giving plaintiff any notice, or means of notice, that defendant had let the construction to another. There was nothing to indicate a change, C. being a continual absentee. The company gave its notes for construction purposes after June, some of which were paid by the company and charged to C., and some of which were paid by C. *Held* to justify a finding that defendant was liable for the wages of plaintiff either on the ground that the company had induced plaintiff's belief that he was working for the company, or on the ground that C. was the mere agent of the company, or on the ground that, as between the company and C., it was understood that the company should continue to employ the laborers and look to C. for indemnity.

Appeal from Saratoga county court.

Action by Edwin Myles against the Ballston Terminal Railroad Company. From a judgment of nonsuit, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Burton D. Esmond, for appellant.

T. F. Hamilton, for respondent.

LANDON, J. The plaintiff wrought 69 days as a laborer in the construction of the defendant's railroad in October, November, and December, 1897, supposing that he was in the employ of the defendant, which he now sues for his wages. The trial court nonsuited the plaintiff, holding that he was not in the employ of defendant, but of one Cox, an independent contractor for the construction of the defendant's railroad. The defendant in 1896, and up to June, 1897, was engaged in the construction of its railroad near Ballston Spa, Saratoga county, and the plaintiff had been in its employ as a laborer for several months in 1896, and had been paid by it. The defendant had its office at Ballston Spa, and had a considerable force of agents and laborers in its service. In June, 1897, it made a contract with one Justice Cox, Jr., of Philadelphia, Pa., and "his associates," the latter not being named, the contract being signed, "Justice Cox, Jr., and His Associates," whereby Cox, in consideration of certain amounts of the stock and bonds of the railroad company, agreed to complete the construction of the railroad. The contract with him was kept secret from the plaintiff and other laborers, both by the defendant and Cox. The plaintiff was employed for the service for which he now seeks to recover by the direction of one Norris, who was a director of defendant, and had been its agent up to the time of the contract with Cox, and thereafter continued in like service as agent for the constructor of the railroad, without giving the plaintiff any notice, or means of notice, that the defendant had let the construction to another. Ostensibly the construction was continued after the contract in like manner as before it, and from the same office, and in great part by the same agents; Cox being a continual absentee, and his name and contract concealed by the defendant from the plaintiff. The defendant gave to several laborers employed in like manner as the plaintiff its notes for their wages, which it paid, and charged the amounts of the payments to Cox. The defendant also gave its notes for several liabilities incurred in the construction of the railroad after June, 1897, and Cox paid them. The president of defendant testified respecting the latter transactions:

"The fact is just this: that the company has simply loaned its name to Justice Cox, and that is the reason the notes are signed 'Ballston Terminal Company,' by its president. The notes are taken care of by Mr. Cox alone, but the people here don't know Mr. Cox, and so the arrangement was to loan Mr. Cox the company's signature. * * * The executive committee has given me authority to sign notes for that purpose."

We think the jury might have found upon the evidence that the defendant, by its acts both of omission and commission, intended to give the plaintiff and other laborers to understand that the defendant was continuing the construction work after June, 1897, in like man-

ner as before that date, that the plaintiff believed he was employed by defendant, and that the defendant by its action induced that belief, and intended to do so; or that the jury might have found that the "associates" of Mr. Cox mentioned, but not named in the contract, was another name for the defendant itself, since, in addition to the facts above mentioned, the party of the second part (that is, Cox "and his associates"), by the terms of the contract, agreed to pay, out of the stock and bonds which the company agreed to pay him, various amounts to the creditors of the defendant, and other amounts to the defendant, to enable it to settle outstanding bills, and still another amount of stock to the directors,—we assume for the company, and not for themselves, —and thus that Cox, instead of being an independent contractor, was in fact the mere agent of the defendant in financing, for a consideration of speculative value, the bonds and stock of the company, and that the defendant was the real employer of the plaintiff (Wick v. Railroad Co., 27 App. Div. 577, 50 N. Y. Supp. 479); or that, as between defendant and Cox, it was understood that defendant should continue to employ the laborers, and look to Cox for indemnity. In any of these cases, the defendant would be liable for the wages of the plaintiff. An intermediate order of the county court, which we are asked to review, was not erroneous.

Judgment reversed, new trial granted, costs to abide the event. All concur.