83 P.3d 613

**RAVEN ROCK CONSTRUCTION, L.L.C., an Arizona limited liability company, Plaintiff–Appellant,**

v.

**BOARD OF SUPERVISORS OF MARICOPA COUNTY, Arizona, Defendant–Appellee.**

No. 1 CA–CV 03–0270.

Court of Appeals of Arizona, Division 1, Department E.

Jan. 29, 2004.

---

Frank L. Ross, Goodyear, Attorney for Plaintiff–Appellant.

Richard M. Romley, Maricopa County Attorney By Michelle D'Andrea, Deputy County Attorney, Phoenix, Attorneys for Defendant–Appellee.

## OPINION

EHRLICH, Judge.

¶ 1 Raven Rock Construction appeals a superior court judgment that affirmed the decision of the Maricopa County Board of Supervisors ("the Board") to uphold a hearing officer's determination that Raven Rock violated a Maricopa County Zoning Ordinance ("Ordinance"). The Ordinance prohibits the parking of "non-accessory vehicles" such as a front-end loader in a residential district.

¶ 2 Raven Rock contends first that it is exempt from the Ordinance by operation of law; second that, because it is exempt, it need not affirmatively seek an exemption from the Ordinance; and third that the Ordinance violates Arizona Revised Statutes section ("A.R.S. § ") 11–830 (2001 & Supp.2003) by preventing, restricting or otherwise regulating the use or occupation of an agricultural tract of land the size of five or more contiguous commercial acres. We disagree and hold that, consistent with A.R.S. § 11–830, the Board can establish procedures to exempt property from the application of certain Maricopa County ordinances.

### FACTS AND PROCEDURAL HISTORY

¶ 3 Raven Rock is the owner of approximately 6.35 acres of land in a residential district in an unincorporated area of Maricopa County. It was cited for violating Section 1102.9 of the Ordinance [1] for parking non-accessory vehicles in a residential district. In its defense, Raven Rock claimed that,

---

1. Raven Rock was cited for violating Section 2310 of the Ordinance, but the section has been renumbered Section 1102.9 of the same ordinance, and we will refer to it by its new number.

because most of the property was used for agricultural purposes, it had an exemption pursuant to A.R.S. § 11–830 and Section 1304 of the Ordinance[2] that prohibits the passage of an ordinance regulating the use or occupation of land in excess of five contiguous commercial acres used for agricultural or certain other purposes. Article 1304.2 of the Ordinance states that only property classified by the Office of the Maricopa County Assessor ("Assessor") or the Arizona Department of Revenue ("ADOR") as property used for agricultural purposes qualifies for the exemption from the Ordinance.

¶ 4 Before a hearing officer of the Maricopa County Planning and Development Department, a Maricopa County tax assessor testified that the Raven Rock property was not classified as agricultural and that no application for such a classification for that property had been filed. He added that a parcel of fewer than twenty acres would not be classified by his office as agricultural. The hearing officer found Raven Rock responsible for the violation on the basis that its parcel was not classified as agricultural and not eligible for an exemption.

¶ 5 Raven Rock appealed the decision of the hearing officer to the Board, arguing that the Ordinance violated A.R.S. § 11–830(A)(2) because the Ordinance required an agricultural classification by the Assessor but that the Assessor would not classify as agricultural a piece of property of fewer than twenty acres. As a result, Raven Rock maintained, agricultural property between five and twenty acres could not be classified as agricultural and thus was unlawfully regulated.

¶ 6 The Board upheld the hearing officer's decision, and Raven Rock filed a complaint in superior court to appeal the Board's decision. The court denied Raven Rock's request for a trial de novo, and considered memoranda from the parties. Raven Rock again asserted that the Ordinance violated A.R.S. § 11–830; that the property was exempt from regulation as a matter of that statute; and that Raven Rock was not required to apply for an exemption. The Board responded

that Raven Rock had not exhausted the pertinent administrative remedies because it had not filed for an agricultural classification or sought an exemption. The Board also argued that such an application would not necessarily be futile, as Raven Rock contended, and it submitted an excerpt from the ADOR Agricultural Manual that described various categories of agricultural classifications, not all of which required a twenty-acre minimum.

¶ 7 The superior court upheld the decision of the Board because substantial evidence supported the decisions of the Board and the hearing officer. It also ruled that "many categories of agricultural classifications [did] not have a minimum acreage requirement[ ]" and that A.R.S. § 42–12154 (1999 & Supp. 2003) permitted the Assessor to approve an agricultural classification of property of fewer than twenty acres. It also decided against Raven Rock's contention that it would be unable to receive an exemption, and it declared that Raven Rock had failed to exhaust its administrative remedies by not having applied for the agricultural classification.

¶ 8 Raven Rock then appealed to this court.

## DISCUSSION

¶ 9 As provided by the Administrative Review Act, the scope of the superior court's authority in reviewing an administrative action is governed by A.R.S. § 12–910(E)(2003), which states:

> The court may affirm, reverse, modify or vacate and remand the agency action. The court shall affirm the agency action unless after reviewing the administrative record and supplementing evidence presented at the evidentiary hearing the court concludes that the action is not supported by substantial evidence, is contrary to law, is arbitrary and capricious or is an abuse of discretion.

We review the superior court judgment by resolving the question whether the administrative action was illegal, arbitrary or capricious or involved an abuse of discretion.

---

2. Raven Rock cited Section 2302 of the Ordinance, but the section has been renumbered 1304, and we will refer to it by its new number.

*Brodsky v. Phoenix Police Dep't Ret. Sys. Bd.*, 183 Ariz. 92, 95, 900 P.2d 1228, 1231 (App.1995). We do not re-weigh the evidence, but we review questions of law de novo. *Havasu Heights Ranch & Dev. Corp. v. Desert Valley Wood Prods., Inc.*, 167 Ariz. 383, 387, 807 P.2d 1119, 1123 (App.1990).

¶ 10 Raven Rock does not dispute that it is parking non-accessory vehicles on its property. It argues that it is exempt from the ordinance precluding such action because its property is larger than five acres and crops have been grown there for many years, making the property agricultural and exempt from regulation by A.R.S. § 11–830(A)(2). Raven Rock also does not dispute that it has not applied for an agricultural exemption for its property as required by Section 1304 of the Ordinance. It asserts instead that such a requirement constitutes a regulation of the property in violation of A.R.S. § 11–830 and that the property is exempt as a matter of law without the necessity of obtaining an exemption.

■ ¶ 11 Before analyzing the question posed by Raven Rock, we first must address an issue presented by the Board: whether Raven Rock failed to exhaust its administrative remedies, a prerequisite to judicial action. *Southwest Soil Remediation, Inc. v. City of Tucson*, 201 Ariz. 438, 442 ¶ 12, 36 P.3d 1208, 1212 (App.2001). The Board insists that Raven Rock did not exhaust the administrative remedies because it did not apply for the exemption. Raven Rock's argument, however, is that it cannot be required to apply for the exemption because it is already entitled to the exemption by statute.

¶ 12 Raven Rock was charged with violating the Ordinance, and it appeared at the hearing on the matter. The hearing officer issued an order holding Raven Rock responsible for violating the Ordinance because it had not applied for an agricultural exemption from the Ordinance. Raven Rock appealed to the Board, which upheld the decision of the hearing officer. Raven Rock then appealed the Board's decision to the superior court, which upheld the decision of the Board, and then it appealed that judgment to this court. Raven Rock has exhausted the administrative remedies with respect to whether it violated the Ordinance. It need not have applied for an exemption for which it claims that it need not apply as a matter of law. The issue remains whether the Ordinance unlawfully regulates Raven Rock's use of its property.

¶ 13 Section 11–830, A.R.S., provides:

A. Nothing contained in any ordinance authorized by this chapter shall:

. . .

2. Prevent, restrict or otherwise regulate the use or occupation of land or improvements for railroad, mining, metallurgical, grazing or general agricultural purposes, if the tract concerned is five or more contiguous commercial acres.

Beyond A.R.S. § 11–830(2), Section 1304 of the Ordinance defines a commercial acre and establishes the procedures for obtaining an exemption as follow:

**Article 1304.1.** Property is not exempt from the [Ordinance] unless and until the Maricopa Planning and Development Department has issued a certificate of exemption for that property. In order to secure a certificate of exemption, an applicant shall submit a zoning clearance application, including site plan and other reasonable supporting documentation.

**Article 1304.2.** Only property classified by the [Assessor] or [ADOR] as property used for one of the purposes enumerated in the first paragraph of this Section is eligible for exemption under this section. If property has been so classified, the property is exempt from the [Ordinance], unless the Planning and Development Director independently determines that all or part of the property is not used primarily for one or more of the purposes enumerated in the first paragraph of this section.

¶ 14 Raven Rock insists that Article 1304.1 unlawfully regulates the use of agricultural property by requiring an owner to apply for a certificate of exemption. It also argues that Article 1304.2 unlawfully restricts the use of the property by denying an exemption to property that has not been classified as agricultural property by the Assessor or ADOR. The Board responds that the Ordi-

nance does not regulate the land use but simply establishes necessary procedures by which Maricopa County can determine which parcels of land are used for agricultural purposes, entitling them to exemptions, citing *State v. Allred*, 67 Ariz. 320, 195 P.2d 163 (1948).

¶ 15 In *Allred*, a veteran qualified for a tax exemption pursuant to a self-executing provision of the Arizona Constitution. A state statute required that persons claiming the exemption submit completed forms and an affidavit to the county assessor and provide any additional proof that the assessor deemed necessary to support the claim. Allred filed claims for the exemption for the years from 1933 to 1944 inclusive but failed to file a claim for the exemption for 1932, and his property was sold for delinquent taxes. Upon learning of the sale, Allred offered payment of the taxes, which was refused, and then filed a lawsuit against the State of Arizona, the Board of Supervisors and the Treasurer of Maricopa County and other parties. The trial court ruled that the property was exempt from taxation and that the sales were void.

¶ 16 On appeal, the Arizona Supreme Court reversed.

> [I]t does not follow from the determination that the ... constitutional provision is self-executing, that the legislature did not have the power to enact legislation providing reasonable regulation for the exercise of the right to the exemption granted by the Constitution, and if [the regulatory statute] constitutes such reasonable regulation and not an invalid limitation of the right thereby granted, the power of the legislature to enact said section should be upheld.

*Id.* at 327, 195 P.2d at 168 (quoting *Chesney v. Byram*, 15 Cal.2d 460, 101 P.2d 1106, 1108 (1940)). The court concluded that the legislature had the authority to enact reasonable procedures to determine who was exempted by the constitutional provision, *id.* at 329, 195 P.2d at 170, and that the requirement of presenting a claim for exemption to the assessor each year was not unduly burdensome. *Id.* at 330, 195 P.2d at 170. It added

that such legislation was not only permissible but desirable to provide a degree of certainty as to what property was available for taxation. *Id.* at 329–30, 195 P.2d at 170.

■ ¶ 17 *Allred* is analogous to this case. The legislature has by statute provided an exemption from county ordinances for property occupied or used for general agricultural purposes if the property is five acres or larger. A.R.S. § 11–830(A)(2). As a practical matter, the county must have a definite means of determining which property qualifies for this exemption. Although the legislature did not establish a process within A.R.S. § 11–830, it recognized the necessity of a procedure because in A.R.S. § 11–802 (2001) it authorized a county's board of supervisors to "adopt and enforce such rules, regulations, ordinances and plans as may apply to the development of its area of jurisdiction." [3]

¶ 18 The Board was thus within its authority to adopt procedures to establish the means by which property within its county is exempt by statute from compliance with county ordinances. By providing in Article 1304.2 of the Ordinance that the Assessor or ADOR must classify the property as agricultural, the Board incorporated in the Ordinance procedures and criteria consistent with those established by the state legislature for classifying agricultural property, albeit for a different purpose, that of taxation. *See* A.R.S. §§ 42–12151 *et seq.* (1999). This is a completely reasonable approach to determining which parcels of county property qualify for the legislative exemption.

¶ 19 An owner of property applies for an agricultural classification by completing and filing a form with the Assessor pursuant to A.R.S. § 42–12153 (1999) and by obtaining a certificate of exemption from the Maricopa Planning and Development Department pursuant to Article 1304.1 of the Ordinance. As was true in *Allred*, these requirements are not burdensome, and we disagree with Raven Rock that these requirements constitute a regulation of property in violation of A.R.S. § 11–830 because an insistence on a verification of the classification of the property does

---

**3.** Such authority applies to A.R.S. § 11–830(A)(2). A.R.S. § 11–802 (authorizing action

"in accordance with the provisions of this chapter").

not constitute a restriction on the property but is a matter of procedure only. *See Nelson Mach. Co. v. Yavapai County,* 108 Ariz. 8, 10, 491 P.2d 1132, 1134 (1971)(statute requiring person claiming constitutional tax exemption to appear before assessor to sign affidavit as to eligibility provides necessary procedure to exercise constitutional right).

¶20 Raven Rock also maintains that A.R.S. § 11–830 is nullified by the requirement that it obtain an agricultural classification for an exemption because the Assessor will not so classify property consisting of fewer than twenty acres. It insists that it, as the owner of approximately 6.35 acres, would have engaged in a futile exercise had it applied for that classification.

¶21 Although a tax assessor testified that property consisting of fewer than twenty acres would not be classified agricultural, the evidence and law presented to the superior court proved that the amount of acreage was not definitive. For example, land devoted to high-density use for producing commodities is designated agricultural property regardless of size. A.R.S. § 42–12151(4) (1999 & Supp.2003); *see also* A.R.S. § 42–12151(6) (land devoted to use in processing wine grapes for marketing). In addition, the Assessor is authorized to approve the agricultural classification of property even if the property has fewer than the minimum number of acres required by A.R.S. § 42–12151. A.R.S. § 42–12154(1)(a). Consequently, the criteria for agricultural classification are not inconsistent with A.R.S. § 11–830 and do not nullify the statutory exemption. Raven Rock has not been denied agricultural classification or an exemption inconsistent with A.R.S. § 11–830 because it never applied.

## CONCLUSION

¶22 The Board had the authority to create reasonable procedural regulations to determine which properties qualify for the exemption from county ordinances as provided in A.R.S. § 11–830. Since it did not apply for

4. Raven Rock's request for attorneys' fees is denied because it is not the prevailing party.

* The Honorable Sherry K. Stephens, a judge of the Superior Court of Maricopa County, was authorized to participate as a Judge *Pro Tempore* of the

an agricultural classification and did not obtain a certificate of exemption, Raven Rock was not exempt from the Ordinance.[4]

¶23 The judgment is affirmed.

CONCURRING: PATRICK IRVINE, Presiding Judge and SHERRY K. STEPHENS, Judge Pro Tempore.*