NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

BART M. SHEA, et al.,
Plaintiffs/Appellants/Cross-Appellees,

*v.*

MARICOPA COUNTY, et al.,
Defendants/Appellees/Cross-Appellants.

No. 1 CA-CV 19-0124
FILED 2-27-2020

Appeal from the Superior Court in Maricopa County
No. LC2017-000067-001
The Honorable Patricia A. Starr, Judge

**AFFIRMED**

COUNSEL

DKL Law, PLLC, Tempe
By David W. Lunn
*Counsel for Plaintiffs/Appellants/Cross-Appellees*

Maricopa County Attorney's Office, Phoenix
By Wayne J. Peck, Joseph Branco, D. Chad McBride
*Counsel for Defendants/Appellees/Cross-Appellants*

---

## MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**J O H N S E N**, Judge:

¶1 Bart M. Shea and other landowners (collectively, the "Neighbors") appeal the superior court's dismissal of their appeal from a decision of the Maricopa County Board of Adjustment (the "Board") about a neighboring landowner's use of property classified as "agricultural." For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2 State law authorizes Arizona counties to exercise zoning authority within certain constraints. *See* Arizona Revised Statutes ("A.R.S.") §§ 11-811 (2020) (authorizing counties to adopt zoning ordinances); -812 (2020) (barring counties from enacting certain restrictions on use or occupancy of land).[1] At issue here is a provision in § 11-812 constraining a county's power to regulate use or occupation of land used for, *inter alia*, "general agricultural purposes." It states:

> Nothing contained in any ordinance authorized by this chapter shall: . . . [p]revent, restrict or otherwise regulate the use or occupation of land or improvements for railroad, mining, metallurgical, grazing or general agricultural purposes, if the tract concerned is five or more contiguous commercial acres.

A.R.S. § 11-812(A)(2).

¶3 Maricopa County Zoning Ordinance ("MCZO") § 1304 restates the prohibition on regulation of "the use or occupation of land . . . for railroad, mining, metallurgical, grazing or general agricultural purposes" and continues:

---

[1] Absent material revision after the relevant date, we cite the current version of a statute or ordinance.

> **ARTICLE 1304.1.** Property is not exempt from the [MCZO] and/or Building Safety Ordinance unless and until the Maricopa Planning and Development Department has issued a certificate of exemption for that property. In order to secure a certificate of exemption, an applicant shall submit a zoning clearance application, including site plan and other reasonable supporting documentation.

> **ARTICLE 1304.2.** Only property classified by the Maricopa County Assessor's office or the Arizona Department of Revenue as property used for one of the purposes enumerated in the first paragraph of this Section is eligible for exemption under this section. If property has been so classified, the property is exempt from the [MCZO] and/or Building Safety Ordinance, unless the Planning and Development Director independently determines that all or part of the property is not used primarily for one or more of the purposes enumerated in the first paragraph of this section.

(Footnote omitted.) *See Raven Rock Constr., L.L.C. v. Bd. of Supervisors*, 207 Ariz. 135, 139, ¶ 17 (App. 2004) ("As a practical matter, the county must have a definite means of determining which property qualifies for this exemption.").

¶4　　　　The Maricopa County Assessor classified the property at issue here (the "Property") as agricultural in mid-2016. The tax classification was made pursuant to A.R.S. § 42-12151(4) (2020), which, as relevant, defines "agricultural real property" to include "[l]and and improvements devoted to commercial breeding, raising, boarding or training equine, as defined in [A.R.S.] § 3-1201." The owner of the Property then applied for and obtained a certificate pursuant to MCZO § 3401, confirming that the Property is exempt from zoning under A.R.S. § 11-812.

¶5　　　　Shea lives in Goldfield Ranch adjacent to the Property. He became increasingly distressed as he watched construction of "massive stables and riding arenas" and a private home on the Property and saw marketing materials touting the Property as open "to the public for riding lessons, roping events and other prohibited commercial activities." According to Shea, the Property is open to the public for horse-related activities, sometimes generating 120 "vehicle trips" a week to and from the Property. He tried to file complaints with the County asserting the owner was "inviting the public to [the] property for riding lessons, roping events

and other prohibited commercial activities." According to Shea, however, the County "wouldn't take" his complaints.

¶6 The Neighbors then filed an application with the Board purporting to seek an interpretation of the agricultural exemption granted the Property. Explaining the request, Shea wrote:

> Interpretation and Appeal on first whether the county staff has autho[rity] to grant full exemption with extended rights without consulting the Board of Adjustment on each case. Can staff exempt all an[cillary] uses on the property that are not directly involved with the agricultural exemption. Does the Maricopa county Staff through this exem[ption] have the ability to grant this exemption inside a subd[ivision] with[out] procedure of a special use permit and create a reverse condemnation of adjoining property without due process. If change the use of a property and do not change the zoning under what definition is the property use classified.

¶7 After a hearing, the Board denied the application, and the Neighbors sought review by the superior court. *See* A.R.S. § 11-816(D) (2020) (*de novo* review in superior court). After the court affirmed the Board's denial, the Neighbors filed a timely appeal and the County filed a timely cross-appeal.

## DISCUSSION

### A. The Cross-Appeal.

¶8 The County argues this court should dismiss the Neighbors' appeal for lack of jurisdiction. The County contends the Neighbors' application to the Board was beyond the Board's jurisdiction under § 11-816(B), with the result that neither the superior court nor this court has jurisdiction to review its decision. The County twice unsuccessfully moved to dismiss the Neighbors' case in the superior court. As in the superior court, the County now argues that the Neighbors' application to the Board was outside the Board's jurisdiction because they did not seek an interpretation of the MCZO. The application, however, fell within the Board's jurisdiction to the extent that it sought an understanding of MCZO § 3401 and its relation to the relevant state tax-classification statute, A.R.S. § 42-12151(4). *See* A.R.S. § 11-816(C) (allowing appeal to a board of adjustment "by any person who feels that there is error or doubt in the interpretation of the ordinance"). Because the superior court had

jurisdiction under § 11-816(D), we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2020) and -2101(A)(1) (2020).

¶9        We also decline the County's request to dismiss the appeal for lack of standing.  As an adjacent property owner, Shea at a minimum has a sufficient interest in the development and use of the Property to allow him to sue.   Although the County argues Shea did not show that the development of the Property affected the value of his land, the record from the superior court (including photographs showing construction on the Property, along with Shea's testimony), defeat the County's assertion that he lacks standing.

## B.      The Superior Court Did Not Err in Affirming the Board.

¶10        On appeal, the Neighbors do not challenge the grant of the agricultural tax classification to the Property.  Instead, they argue the County erred in concluding that the Property is being used for purposes permitted under that classification.  *See* MCZO § 1304.2 ("If property has been so classified, the property is exempt from the [MCZO], unless the Planning and Development Director independently determines that all or part of the property is not used primarily for one or more of the purposes enumerated in the first paragraph of this section.").

¶11        The Neighbors, however, did not offer evidence sufficient to support their general assertions that the Property is being used for purposes not permitted by its agricultural classification under § 42-12151(4).  On appeal, they cite a "Groupon" that they contend showed that riding lessons were being given on the Property, but they offered no evidence that lessons were being given to persons who did not board their horses on the Property.

¶12        Darren Gerard, deputy director of the County Planning and Development Department, testified that if the County received and confirmed a complaint about an impermissible use within the agricultural classification, the result would be a process culminating in a proceeding before a hearing officer, whose decision could be appealed to the Board.  *See* A.R.S. § 11-815(E) (hearing officer), (G) (county may delegate review of hearing officer's decision to board of adjustment) (2020).  The Neighbors argue on appeal they offered "compelling evidence at trial that the County grossly expanded what uses were permitted under an agricultural exemption."  But they fail to show they sought review by the Board in this

matter of any particular decision or interpretation of the MCZO by a hearing officer or the Board with respect to any use of the Property.[2]

**¶13**        As for what uses are permitted within an agricultural classification, the Neighbors repeatedly cite a County "Directive" issued in 2012 "[t]o ensure consistent treatment of zoning for Agricultural and Equestrian Uses" of land in rural areas. Maricopa County Planning & Dev. Dep't, *Department Directive: DD-2012-01*, at 1 (2012). Under that Directive, facilities used for public events ("rodeos, team roping, barrel racing") are not exempt from zoning. *Id.* at 2. But the Neighbors failed to offer evidence to support their general contention that such activities are taking place on the Property. Indeed, the record before the superior court included evidence that the County has told the owners of the Property that they will need to obtain a special use permit before they conduct "Public Events (such as rodeos, team roping, barrel racing, etc.)"; "Mounted cowboy shooting"; "Riding lessons (except those in conjunction with boarding of horses)"; and "Horse rentals, staging for off-site trail rides." The record also included an email from Gerard to a lawyer for the owners of the Property directing that "all riding lessons will be related to the training of horses that are boarded at the facility, and that equine events will be for breeding and training and not be open to the general public," and that a single-family home used as the principle residence of the owners of the Property "is not necessarily considered part of the agricultural use."

**¶14**        Nor did the superior court err when it ruled the Neighbors were afforded due process. As that court held, its own *de novo* review of the application provided the process that was due the Neighbors. And, contrary to the Neighbors' contention, the certification of the Property as agricultural for purposes of § 11-812 was not a rezoning of the Property. Under MCZO § 3401, the agricultural-exemption certification follows automatically upon a showing that a property has been classified as agricultural for tax purposes. *See Raven Rock*, 207 Ariz. at 139-40, ¶ 19 ("insistence on a verification of the classification of the property . . . is a matter of procedure only"). Nor did the Neighbors offer evidence

---

[2]        The Neighbors' opening brief asserts that the County "conducted no investigation before it terminated [their] complaint." But the Neighbors did not challenge the County's response to any specific complaint they raised, either in their application to the Board or in the superior court proceedings. To the contrary, the County's counsel remarked during the hearing in the superior court that Shea's complaint about a purported public event on the Property was investigated, closed and, after an appeal, was only then pending before the Board. *See* A.R.S. § 11-815(G).

supporting their contention that the Board was biased against them. They assert the County "shut down" an investigation of their complaint due to the intervention of a member of the Board, but they do not cite that complaint (or any other complaint) as the subject of their application to the Board.

## CONCLUSION

¶15        For the reasons stated, the decision of the superior court is affirmed. The County is awarded its costs on appeal, conditioned upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA